ALEX. BARTTLINGCK, ADMINISTRATOR, v. MARY J. HARRIMAN.

Delivered July 1, 1897.

**1. Evidence—Transactions With Decedent.**

In an action against an administrator for board of the intestate, evidence of plaintiff that such intestate had lost her position and did not have ready cash to meet her current expenses for room rent with her landlord, and came to plaintiff to get her to board her, and that she was not working for plaintiff for her board, is inadmissible.

**2. Appeal From Justice Court—Bond—Sufficiency of Condition.**

On appeal from the Justice Court to the County Court, an appeal bond conditioned as follows is sufficient: "That H., the appellant, shall prosecute her appeal to effect, and shall pay off and satisfy the judgment which may be rendered against her on such appeal."

APPEAL from the County Court of Harris. Tried below before Hon. JOHN G. TOD.

*E. P. Turner*, for appellant.—1. In actions against administrators, neither party shall be allowed to testify against the other as to any transactions with or statement by the intestate, unless called to testify thereto by the opposite party. Rev. Stats. 1895, art. 2302.

2. The purported appeal bond from the Justice Court filed herein is wholly insufficient, and not in compliance with the requirements of law in this: That the appeal from the Justice Court to the County Court of Harris County was taken by the plaintiff from a judgment wherein plaintiff recovered nothing, but was adjudged to pay all costs incurred therein, and said bond was not conditioned as required by law in case of a cost bond on appeal. The mode of proceeding not being prescribed in the provisions of the Revised Statutes of Texas of 1895, in Title 33, relating to Justice Courts, the provisions of law governing District and County Courts in such cases are made to govern by article 1677 of said statutes. The condition is as follows: "That Mary J. Harriman, the appellant, shall prosecute her appeal to effect, and shall pay off and satisfy the judgment which may be rendered against her on such appeal." Rev. Stats. 1895, arts. 1400, 1677.

*A. C. Allen* and *Edgar Watkins*, for appellee.—1. Appellee could testify in rebuttal to any statement made by any witness, and such testimony would not be illegal, although appellant sued as administrator.

2. A bond conditioned that the appellee shall prosecute her appeal to effect, and shall pay off and satisfy the judgment which may be rendered against her on such appeal, complies with the law, and is a good bond in appealing a case from a Justice to a County Court. Rev. Stats. 1895, art. 1670; Owens v. Levy, 1 White & W. C. C., sec. 409; Batsel v. Blaine, 4 Willson C. C., sec. 195.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit, originating in Justice's Court, against the administrator of the estate of Mary Corraine, deceased, to recover an alleged indebtedness from the deceased to plain-

tiff.  Judgment was rendered for the defendant in the Justice Court; but upon appeal to the County Court, judgment was rendered by that court for the plaintiff, and the defendant has appealed to this court, and, among other errors, assigns the admission in evidence, over objections of defendant, of the testimony of plaintiff (she not being called to testify by the defendant) given upon the trial of the cause in response to certain questions propounded to plaintiff by her counsel.

Said questions, and the answers thereto, with the objections made by defendant to the same, are set out in bills of exception 1 and 2, and are as follows:

"Question: 'How long was Mary Corraine, the intestate, for whose board, ironing, and washing this suit is instituted, at your house?'  Answer: 'About 17½ months.'  Question: 'How came she there?' to which question and answer the defendant by counsel objected, on the ground that the suit was against the estate of a decedent, represented by the defendant, and the testimony elicited by the question related to an alleged contract between plaintiff and the deceased, and to a transaction between plaintiff and the decedent, and the witness was therefore incompetent to testify as to the matters inquired about.  The objections were overruled, and the witness, in response to the question, testified: 'That Mary Corraine had been working for about three years; that she lost her position with Tailor Moore, and did not have the ready cash to meet her current expenses for room rent with M. Schoererling, and that she came to witness to get witness to board her; that was what she came for.'  Question: 'Was it true that Mary Corraine was working for you for her board?' to which question, and the evidence elicited thereby, the defendant objected, on the same ground the previous question and answer were objected to, and the objection was overruled, and the witness, in response to the question, said: 'No, sir; she was not.'  To which questions and answers the defendant then and there reserved a bill of exceptions."

We think this testimony was inadmissible, and for the error of the court in not sustaining the objections made to its admission by defendant, the judgment must be reversed.  Pinney v. Orth, 88 N. Y., 447; McCampbell v. Henderson, 50 Texas, 601; and see also Johnson v. Lockhart, decided by this court, 40 S. W. Rep., 640.

The court did not err in overruling defendant's objections to the appeal bond.  The condition of the bond, this court thinks, is in accordance with the statute prescribing the requisites of the bond which must be given upon appeal from a judgment rendered by a justice of the peace in a civil cause.

The other assignments need not be noticed, further than to say that the objection to the testimony of the witness Mrs. Harriman, as set out in the defendant's third bill of exceptions, is overruled, and that the testimony was properly admitted.

The judgment is reversed and the cause remanded for another trial in accordance with the law as announced herein.

*Reversed and remanded.*