## M. AND M. L. MEYERS V. J. W. WOOD ET AL.

### Decided June 21, 1901.

**1.—Mechanic's Lien—Pleading in Reconvention—Damages for Delay.**

See cross-bill and plea in reconvention in an action to enforce a materialman's lien held to show, as against a general demurrer, a good cause of action by the owner of the building against the contractor and sureties on his bond for damages resulting from failure to complete the building within the stipulated time.

**2.—Same—Payments—Sureties—Release.**

Where by the terms of a builder's contract the owner was allowed to retain 25 per cent of the price until completion of the building, his payment of the entire amount was not such a change in the contract as would release the sureties on the contractor's bond.

**3.—Same—Fixing Lien for Material—Itemized Account—Dates.**

The filing with the county clerk of an itemized account for material furnished in the construction of a building is insufficient to fix a lien where the account does not state the dates at which the material was furnished, since it does not show that such filing was within ninety days from the accrual of the indebtedness, as required by the statute. Rev. Stats., arts. 3296, 3309.

**4.—Same—Account Not Itemized.**

An account by a materialman against the contractor for material furnished, filed for the purpose of fixing a lien on the building, and specifying as follows: "Bill of sash and doors, per contract, $640; to bill of mill work (contract), $175,"—was not sufficiently itemized to fix any lien as against persons not parties to the building contract.

Appeal from Lamar. Tried below before Hon. E. S. Chambers.

*J. C. Hodges* and *E. P. Scott,* for appellants.

*Hale & Hale* and *E. W. Fagan,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—J. W. Wood, appellee, brought suit in the District Court on an account against Staggs & Pearson, a firm of mechanics and builders, for $752.26, and made appellants de-

fendants in order to enforce a materialman's lien on their house and lot, and J. H. Hancock brought another suit against the same defendants on an account for $134.22, each party alleging that the account was for materials furnished Staggs & Pearson in building a house for appellants, and that they and each of them had furnished the materials stated in their respective accounts, and that said materials had been used in the construction and completion of the house belonging to appellants, and that they and each of them had given the owners, M. and M. L. Meyers, written notice of the items so furnished at the dates at which each item respectively was so furnished, and that they had filed and caused to be recorded the said accounts and had fixed the mechanic's lien on the building and lot of appellants as required by the statute, which in all things they had complied with in order to fix the lien.

The defendants Staggs & Pearson answered admitting their indebtedness to plaintiffs Wood and Hancock in the several amounts claimed by them, and by cross-bill against the defendants Meyers set up the contract for the erection of the building and claimed a balance due them under said contract of $975.

The defendants Meyers answered by general and special exceptions, general denial, and plea of payment, and by cross-action filed plea in reconvention for damages against the defendants Staggs & Pearson and their bondsmen, Caviness and Wilson, for failure to comply with the terms of said contract. Caviness and Wilson answered by general demurrer and general denial, and by special plea setting up change in the contract without their knowledge or consent, by which they claimed to be relieved from all liability as sureties for said Staggs & Pearson. On motion and by agreement of all the parties the two suits were consolidated by order of the court and tried as one cause by the court below without a jury.

The court below sustained the general demurrer of defendants Staggs & Pearson, and also the demurrer of defendants Caviness and Wilson to the cross-action of defendants Meyers, and said defendants declining to amend, their cross-action was dismissed.

Upon the trial of the case on the facts judgment was rendered in favor of the plaintiffs Wood and Hancock against the defendants Staggs & Pearson for the respective amounts sued for and establishing and foreclosing a materialman's lien upon the property of appellants to secure the payment of said amounts. Judgment was also rendered in favor of Staggs & Pearson against the appellants for the sum of $817.48, which amount was also decreed to be secured by a mechanic's lien, and said lien was ordered foreclosed. It was further decreed that in event appellants paid the amounts adjudged in favor of the plaintiffs against the defendants Staggs & Pearson that such payment should be credited on the judgment in favor of said Staggs & Pearson, and that appellants, in case they paid the amounts adjudged in favor of plaintiffs in full, should have judgment over against defendants Staggs & Pearson for

$69, same being the excess in the judgment rendered in favor of plaintiffs over the judgment rendered for the defendants Staggs & Pearson against appellants. From this judgment the defendants Meyers prosecute this appeal. Only the appellees Wood and Hancock have filed briefs in reply to appellants' brief.

Appellants' first and third assignment of error complain of the action of the trial court in sustaining the general demurrers of the defendants Staggs & Pearson and their bondsmen, Caviness and Wilson, to appellants' cross-bill. The pleading to which these demurrers were sustained set out the contract between appellants and the defendants Staggs &, Pearson for the erection of the building, and alleged that by the terms of said contract said defendants Staggs & Pearson agreed and covenanted to complete said building and have same ready for occupancy by the 15th day of November, 1899, but that said building had not yet been fully completed by said defendants in accordance with their said contract, and that no portion of same was ready for occupancy prior to the 2d day of February, 1900; that appellants had tenants ready to occupy said building on November 15, 1899, and that by the failure of said defendants to complete said building within the time specified and agreed upon in said contract, appellants had lost two and one-half months rent of same and had been thereby damaged in the sum of $175. This pleading also alleges the execution of a bond by the defendants, Caviness and Wilson, to secure appellants in the performance by said Staggs & Pearson of their contract undertaking, and the consequent liability of said Caviness and Wilson for the failure of said Staggs & Pearson to comply with their contract. We think these allegations show a good cause of action, and the court below erred in sustaining a general demurrer thereto.

The allegation in said plea that appellants had paid Staggs & Pearson the whole of the contract price of the building when by the terms of said contract appellants had the right to retain 25 per cent of said contract price until the completion of said building in accordance with said contract, does not show such change in the contract as would release said bondsmen. As alleged in said plea the right to retain 25 per cent of the contract price was a right exclusive to appellants which they might exercise or not as they saw fit, and their failure to retain said 25 per cent would not of itself release said bondsmen.

Appellants' fourth assignment predicates error upon the ruling of the trial court in admitting in evidence the record of the accounts filed by plaintiffs in the county clerk's office for the purpose of perfecting their materialman's lien. The objections to said record were as follows: "1. Because of a material variance between the allegations in plaintiffs' petition and the record evidence offered and admitted. 2. Because it does not appear from the bill of particulars when the material was furnished by plaintiffs in the construction of appellants' house. 3. Because it does not appear what material was furnished by plaintiffs. 4.

Because said bills of particulars as shown by the record are not such as are required by the statutes of the State of Texas."

These accounts fail to show the dates upon which any of the items in the accounts were furnished the contractors. The Hancock account was sworn to on May 2, 1900, as shown by the certificate of the notary who took the affidavit, but none of the items in the account are dated and the affidavit does not show the date upon which any of said material was furnished.

The Wood account bears the date of January 31, 1900, at the top of the first page, but no dates are given in the account showing when the various items were furnished, nor does the affidavit, which was made on April 30, 1900, show the date upon which any of the material was furnished. This account contains among others the following items:

"Bill of sash and doors, per contract..............$640.00
"Feb. 3d. To bill of mill work (contract)........ 175.00"

In order to fix their lien the plaintiffs were required to file and have recorded in the county clerk's office itemized accounts of their claims within ninety days after the accrual of said indebtedness. Rev. Stats., art. 3296.

The statute further provides that indebtedness for material furnished in the construction of a building shall be deemed to have accrued at the date of the last deliverey of such material, unless there is an agreement to pay for such material at a specified time. Rev. Stats., art. 3309.

It is now well settled that the constitutional provision giving a lien in favor of laborers and material men is not self-executing, and such lien can only be preserved and enforced by a compliance with the statute regulating the manner in which same shall be fixed. The lien has no potential existence until fixed in the manner prescribed by the statute, and it is essential to the validity of such lien that it be recorded within the time prescribed by the statute, and this must appear from the record itself. The object of the statute in requiring the account and affidavit to be recorded is to give notice to the owner of the building as well as to third parties of the existence of the lien, and this object is not attained unless the record itself shows that the account was filed within the time prescribed by law. The record offered in this case to establish the lien, as before seen, fails to show when any of said material was furnished, and it can not therefore be ascertained from said record whether or not the account was filed and recorded within ninety days after the accrual of the indebtedness. The record is also clearly insufficient as to the two items of $640 and $175 before set out. The statute requires that the account shall be itemized, which means that each article sold and the price thereof shall be stated separately. If this account was one between the owner of the building and the original contractor it may be that the reference to the contract would render these items sufficiently specific, but appellants not being parties to the contract referred to, it is clear that in order to fix the lien for said sums of $640 and $175

an itemized statement showing each article and the value thereof included in said amounts was necessary. We think the objections to the introduction of this record should have been sustained.

None of the remaining assignments points out the error complained of with sufficient certainty to entitle them to consideration, and we shall not discuss them. For the errors above indicated the judgment of the court below against appellants will be reversed and the cause remanded. The judgment in favor of the appellees Wood and Hancock against Staggs & Pearson not having been appealed from, is undisturbed.

*Reversed and remanded.*