DALLAS HOMESTEAD AND LOAN ASSOCIATION V.
J. F. THOMAS ET AL.

Decided June 1, 1904.

**1.—Surety—Notice of Default.**
    Sureties on the bond of a building contractor can not defeat their liability for his failure to complete the building according to contract by showing that they were not notified of his default, and that they could have completed it without loss or protected themselves out of money of the contractor then in their hands had they received timely notice.

**2.—Evidence—Error.**
    The admission of illegal evidence is error, though the charge does not submit the issue involving its effect to the jury, especially where the evidence legally admitted will not warrant the verdict.

**3.—Building Contract—Completion to Satisfaction of Architect.**
    Under a contract to complete a building in accordance with plans and specifications and in a manner satisfactory to the architect, his determination of what is necessary to constitute compliance is conclusive, in the absence of fraud or collusion on his part, and it can not be shown that items required by him were unnecessary.

**4.—Peremptory Instruction.**
    Evidence held to justify a peremptory instruction to find for plaintiff a sum shown to be due by undisputed testimony.

Appeal from the County Court of Dallas. Tried below before Hon. Ed. S. Lauderdale.

*S. W. Marshall,* for appellant.

*Harry P. Lawther* and *Jas. J. Collins,* for appellees.

EIDSON, ASSOCIATE JUSTICE.—The following statement of the nature and result of the suit contained in appellant's brief appearing to be substantially correct is adopted:

"This is a suit on a building contractor's bond for the contractor's failure to complete a house as he was obliged to do by his contract. The owners of the house, S. G. McKinney and his wife, contracted with appellee J. F. Thomas for him to build for them a house in Oak Cliff. To secure the faithful performance of his contract he executed the bond, with his coappellees Wilhite, Lacouture, Shanks and Hancock as sureties. The appellant Dallas Homestead and Loan Association furnished the money to Mr. McKinney to build said house and took a deed of trust and assignment of the mechanic's lien contract as security to it for making the loan; the contract was dated July 5, 1900; the petition alleges that appellant sues as assignee of McKinney, and that before the house was completed, said Thomas, on or about September 25, 1900, abandoned the building, and McKinney and others for him (McKinney) completed said house according to the plans and specifications of said contract at a reasonable cost, which exceeded the contract price in the sum of $250; that in consideration of appellant having paid out and advanced money for building the house, McKinney and wife on April 3, 1902, assigned to appellant its cause of action on said bond,

and this suit is by appellant as assignee of McKinney and wife for money in excess of the contract price actually paid out and advanced by appellant for the completion of the house after Thomas abandoned it.

"Defendants demurred, specially and generally to the petition, which demurrers were overruled by the court, plaintiff having filed an amended petition setting out an itemized statement of all moneys spent.

"Defendants answered by general denial; defendants Wilhite, Lacouture, Shanks and Hancock answered specially that they admit that they are sureties on said $500 bond; that they had never been notified that said Thomas had breached his contract until a few weeks before the filing of this suit; that had they been notified thereof, defendant Wilhite, in the months of March and April, 1902, had in his possession $734.50 of money belonging to the said Thomas, out of which he would have protected himself and his cosureties; that the defendant Lacouture was a building contractor and would himself have completed the building according to contract, and protected himself and his cosureties had he been notified of said default of said Thomas in September or October, 1900; that said Thomas, without his sureties' consent, assigned his building contract to plaintiff immediately upon the execution of the building contract on July 16, 1900.

"In supplemental petition appellant demurred to said answers, which demurrers were by the court overruled, and appellant plead general denial, and further that any assignment Thomas made to appellant was only for the purpose of securing it for the money loaned to build the house with, and that it was not intended to release said Thomas in any manner from any of the obligations of his contract; that the reason suit was not sooner instituted was because there was litigation covering some material bought for said house by said Thomas, and it could not be determined how much excess over the contract price the building had cost until such litigation was terminated. There was no dispute but that appellant was entitled to $190, if it was entitled to anything, that amount being proven to have been paid out in excess of the contract price to complete the building.

"Upon the trial of the case before a jury a verdict was returned in favor of the defendants, and judgment entered thereon."

The appellant's first assignment of error complains of the action of the court in admitting in evidence over its objection the testimony of appellee Wilhite, tending to show that he in March and April, 1902, had in his possession certain money belonging to appellee Thomas, which he paid said Thomas, and out of which he, the said Wilhite, could and would have protected himself and his cosureties, had he known that the said Thomas had in any manner breached his building contract.

In its second assignment of error, appellant complains of the action of the court in admitting in evidence over its objection the testimony of appellee Lacouture, to the effect that he, the said Lacouture, in September and October, 1900, was a building contractor, and had he known that appellee Thomas had in any manner breached his said building

contract, he, the said Lacouture, would have had the house completed in accordance with the contract, and have protected himself and his co-sureties on their bond from all liability thereon.

In its third assignment of error appellant complains of the action of the court in admitting in evidence over its objection the testimony of S. G. McKinney, E. H. Silven, John Catto, J. A. Wilhite, H. L. Hancock, Frank R. Shanks, O. Lacouture, J. F. Thomas and William Osmand, to the effect that neither appellant nor S. G. McKinney nor Nellie G. McKinney, nor anyone for them or either of them, prior to May, 1902, a short time before the date this suit was filed, ever notified either of the said appellees Wilhite, Hancock, Shanks or Lacouture that said Thomas had in any manner whatever failed to complete said building according to contract; and that neither S. G. McKinney nor Nellie G. McKinney nor appellant, nor anyone for them or for either of them, prior to the filing of this suit, notified either of said appellees Wilhite, Hancock or Lacouture that the said Thomas had in any manner whatever thrown up, abandoned or breached said contract; and that prior to said June 17, 1902, neither S. G. McKinney, nor Nellie G. McKinney nor anyone for them or either of them had instituted any suit against said Thomas, or against any of the other appellees herein.

The said appellees Wilhite, Lacouture, Shanks and Hancock, being sureties upon the bond of appellee Thomas, upon which bond this suit is based, and there being no stipulation in said bond providing for notice to be given to the sureties, in the event the principal did not comply with the conditions of said bond, were not entitled to any notice thereof. It was their duty under their obligation in said bond to see that their principal complied with the conditions therein contained; and if at any time it would have been to their interest for suit to be brought against him, the said principal, or if such suit would in any manner have protected them from liability as sureties, they could have required such suit to be brought by giving notice in writing to the obligee in said bond.

Article 3811 of the Revised Statutes of 1895 provides as follows: "Any person bound as surety upon any contract for the payment of money or the performance of any act, when the right of action has accrued, may require by notice in writing the creditor or obligee forthwith to institute suit upon such contract." And article 3812 provides as follows: "If the creditor or obligee, not being under legal disability, shall fail to bring the suit to the first term of court thereafter, or to the second term, showing good cause why he did not bring it to the first term, and prosecute the same to judgment and execution, the surety giving such notice shall be discharged from all liability thereon."

It appears from the record that no such written notice as is provided for in the statute was given to the obligee in the bond sued upon, by said sureties or either of them; hence we are of opinion that said assignments of error are well taken, and are sustained. Behrns v. Rogers, 40 S. W. Rep., 419; Leazar v. Menefee, 61 S. W. Rep., 438.

Appellant's sixth assignment of error complains of the action of the court below in overruling its motion to instruct the jury not to consider the testimony of Wilhite to the effect that in March and April, 1902, he had in his possession money belonging to Thomas, out of which he could and would have protected himself and cosureties on the bond, had he had knowledge that Thomas had thrown up or breached his building contract with McKinney before the house was completed. And that of Lacouture to the effect that he would himself have had the McKinney house completed according to the contract had he known in September or October, 1900, "that Thomas had breached or thrown up said contract before said house was completed according to his said contract, and that he would have protected his cosureties from liability on the bond."

In its seventh assignment of error appellant complains of the action of the court in overruling its motion to instruct the jury not to consider the testimony of McKinney, Silven, Catto, Wilhite, Hancock, Shanks, Lacouture, Thomas and Osmand, as set out in its third assignment of error. And in its eighth assignment of error appellant complains of the refusal of the court below to give its special charge number 3, to the effect that the fact that J. A. Wilhite, during the months of April and March, 1902, could have protected himself and his cosureties out of the funds paid Thomas for building a house does not affect their liability or nonliability to plaintiff.

For the reasons stated in sustaining appellant's first, second and third assignments of error, its sixth, seventh and eighth assignments of error are sustained.

It appears from the record that the court below in its charge to the jury ignored the issues raised by the above stated testimony, and appellees contend that said testimony was thus withdrawn from the jury, and therefore its admission was harmless. We do not agree with this contention of the appellees. The admission of illegal testimony is error, although afterwards withdrawn from the jury, if there is reason to believe the evidence may have improperly influenced them. In this case the legal evidence before the jury did not warrant their verdict; hence the illegal testimony improperly admitted must necessarily have been considered by them. Schooler v. Hutchins, 66 Texas, 332; Smith v. Caswell, 67 Texas, 576; Gulf C. & S. F. Ry. Co. v. Levy, 59 Texas, 551.

Appellant's ninth assignment of error complains of the action of the court in overruling its motion to instruct the jury not to consider the testimony of appellee Thomas, which tends to deny that the items set up in plaintiff's first amended petition, showing the cost of completing the house over and above the contract price, were necessary to the completion of the house in accordance with the plans and specifications and mechanic's lien contract, because by said contract the said Thomas contracted and agreed to complete said building "according to the plans and specifications aforesaid, and in a manner satisfactory and acceptable to

the aforesaid architect (Mr. E. H. Silven) on or before the 15th day of September, 1900," said architect having testified emphatically that said items were necessary to the completion of said building according to said contract and plans and specifications, and that defendants having made against said architect no allegation of fraud, bad faith, willfulness or collusion on the part of said architect in determining that said items of labor and material were necessary to complete said house according to the said contract and plans and specifications thereof, and there being no evidence introduced in regard thereto, said defendants are bound by the determination of said architect with regard to whether or not said items were necessary to the completion of said building, in accordance with said contract and plans and specifications thereof.

In its tenth assignment of error appellant complains of the refusal of the court to give to the jury its special charge number 4, which is as follows: "The court charges you that if you believe from the evidence that said Thomas threw up said contract and failed to complete said house according to said contract and plans of specification thereof, and that Mr. Silven, as architect, bona fide considered and determined the items in exhibit B, attached to plaintiff's first amended original petition from September 25th to and including the item 'Oct. 16, Doolittle & Simpson, setting mantel, $7,' necessary to complete said building in accordance with said contract' and plans and specifications thereof, and you further find that all payments made under said items were reasonable for the labor and material therein set out, and you further find that said items, together with all payments made under said contract, aggregated a sum in excess of the contract price of $1850, then you will find a verdict for plaintiff for such excess over the contract price of $1850."

It is competent for parties to a building contract to agree upon an architect and stipulate that he is to pass upon and approve or disapprove the work and the material, and determine when the work has been performed in compliance with the contract; and his decision and determination upon these matters will be conclusive and final in the absence of proof of fraud or bad faith upon his part. Kilgore v. Northwest Educational Society, 89 Texas, 465; Jones v. Risley, 91 Texas, 7; Wright v. Meyer, 25 S. W. Rep., 1125; Martinsburg & P. R. R. Co. v. March, 114 U. S., 549; United States v. Gleason, 175 U. S., 602.

In this case the contract provides that E. H. Silven shall be the architect, and that the contractor will complete the house in a manner satisfactory and acceptable to the aforesaid architect, on or before the 15th day of September, 1900. The testimony in the record shows that Thomas, the contractor, abandoned the contract between September 20 and 25, 1900. Silven, the architect, testified that the items specified in plaintiff's petition, showing the material and labor furnished and performed in order to complete the house, were necessary to complete the same according to the contract and the plans and specifications thereof; that said material was obtained under his order at a reason-

able price, and at the prices set out in said exhibit, and that said material was used in completing the said house, and that said items for labor shown in said exhibit from September 25th were necessary to complete said house in accordance with said contract and the plans and specifications thereof, and that the prices paid therefor were reasonable. The decision and determination of the architect Silven are conclusive and final as against the parties to the contract, there being no allegation or proof of fraud, gross mistake or bad faith upon his part. We therefore are of opinion that said assignments 9 and 10 are well taken and should be sustained.

Appellant's eleventh assignment of error complains of the refusal of the court to give to the jury its special charge number 1, instructing the jury to find a verdict for the plaintiff for the sum of $190. Appellant's witness Catto testified that the amount of the items paid out on the house to complete same, in accordance with the contract and plans and specifications thereof, exceeded the contract price in the sum of $190. The architect Silven testified that these items were necessary to complete the house according to the contract and the plans and specifications, and that the prices paid therefor were reasonable. This testimony is not controverted or disputed by any legal testimony in the record. We therefor are of opinion that said special charge number 1 of appellant should have been given to the jury by the court below, as the appellant was entitled to a verdict and judgment against the appellees for said amount.

The judgment of the court below is reversed and here rendered in favor of the appellant against the appellees for the sum of $190, and all costs in this court and the court below.

*Reversed and rendered.*