McKNIGHT v. LANGE MFG. CO. et al.

(Court of Civil Appeals of Texas. Galveston. April 4, 1913.)

1. PRINCIPAL AND SURETY (§ 100*)—BUILDING CONTRACT—CHANGE OF TERMS — DISCHARGE OF SURETY.

Where a contract in the construction of a building provided that plaintiff should pay the subcontractor 85 per cent. of the estimates as the work progressed and retain 15 per cent. to secure fulfillment of the contract, and before any work was done the subcontractor informed plaintiff that he was financially unable to do the work, and plaintiff thereupon agreed to make advancements for necessary material and pay weekly pay rolls, which advancements exceeded the contract price, such substituted agreement constituted a material alteration in the contract, to the prejudice of the subcontractor's sureties, and discharged them from liability.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 162–165; Dec. Dig. § 100.*]

2. PRINCIPAL AND SURETY (§ 100*) — DISCHARGE OF SURETY—ALTERATION OF CONTRACT—DEFENSES.

Where the terms of payment to a subcontractor were materially changed, the fact that excessive payments made to the subcontractor pursuant to such change were necessary to enable him to complete the work, and that it would have been otherwise impossible for him to have done so, was immaterial.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 162–165; Dec. Dig. § 100.*]

Appeal from District Court, Washington County; Ed. R. Sinks, Judge.

Action by J. F. McKnight against the Lange Manufacturing Company and others. Judgment for plaintiff for a part only of the relief demanded, and he appeals. Affirmed.

W. W. Searcy, of Brenham, for appellant. Mathis, Buchanan & Rasberry, of Brenham, for appellees.

REESE, J. J. F. McKnight, having a contract for the erection of a city hall building in the city of Taylor, entered into a contract with Wm. Lange, who did business under the name of the Lange Manufacturing Company, for furnishing the material and doing certain of the work on said building. At the same time the said manufacturing company, with Robert Strickert and J. S. Williams as sureties, executed a bond to McKnight in the penal sum of $600 for the faithful performance of the work by Lange Manufacturing Company. Alleging a breach of said contract and bond, by which he was damaged in the sum of $653.90, McKnight instituted this action in the district court against the manufacturing company and Strickert and Williams, in which he seeks to recover the entire amount of the principal and $600, the amount of the bond, of the sureties. The case was tried with a jury. The court instructed the jury to return a verdict for the sureties (on the ground that they had been discharged by a material change in the contract by agreement between the plaintiff McKnight and the Lange Manufacturing Company without the consent of the sureties), and submitted the issue of liability of the manufacturing company. The jury returned a verdict for the sureties, as directed, and against the manufacturing company for $300. The plaintiff made a motion for a new trial, which was overruled, and prose-

cutes this appeal, wherein he complains of the judgment in favor of Strickert and Williams, the sureties. The only question presented by the appeal is the correctness of the peremptory instruction to the jury to return a verdict in favor of Strickert and Williams, the sureties, which depends upon the proposition that, under the undisputed evidence, there had been such a material change in the contract, by agreement between appellant and the Lange Manufacturing Company, without the consent of the sureties, as to discharge and release them from liability on the bond.

[1] By the terms of the contract between appellant and Lange, appellant was to pay $1,800 for the work, payments to be made on semimonthly estimates; 85 per cent. of such estimates to be paid then and 15 per cent. to be paid on the completion of the work and compliance with the terms of the contract. The bond was in the usual form, in the penal sum of $600, conditioned that the Lange Manufacturing Company should comply with the terms of the contract. No question is made on this appeal by appellees that there was a failure on the part of the Lange Company to comply with their contract. The undisputed evidence shows that, within two weeks of the time Lange began the work, he came to appellant and told him he was not financially able to carry on the work unless appellant would agree to pay off his labor and pay for material as it arrived. This was the substance of the matter. McKnight testified: "At the beginning of the work Mr. Lange told me that he was wholly unable to proceed financially with the work; that, instead of paying him his part of the terms of the contract (that is, 85 per cent. semimonthly for the work as it advanced and was carried on), I had to meet the 'order notify' shipments, pay freight and other expenses, and pay the pay roll weekly, and I agreed with him that I would do that. That was after work had been commenced; after the contract and bond had been entered into. I met these drafts or 'notify order' goods." The witness made a statement by items of the money so paid by him, from which it appeared that he paid to Lange in this way more than the entire contract price of the work. The statement referred to shows a total of $2,453.90, but some of this was for deductions which he had to make on account of faulty materials furnished by Lange and faulty work done, and some of it for money paid for work which he had to have done on account of Lange's default; but, deducting all of this, the statement shows that appellant largely overpaid Lange the contract price under the agreement aforesaid. In his amended petition it is alleged that the amount so paid out for freight, "order notify" goods, labor, etc., was $2,050.96. This was the amount that in fact he was bound to pay as the work progressed

under the new agreement. Appellant testified that the payments amounted to more than 100 per cent. of the contract price. The result of this new agreement was that, when the work was completed, there was nothing due of the contract price. Under the original contract, for the performance of which the sureties stood bound, 15 per cent. of the contract price was to be retained until the contract was fully performed; that is, $270 would have been held by appellant to induce a faithful compliance with the contract.

Under all the authorities in this state, and the great weight of authority elsewhere, we think the change in the contract referred to released the sureties. Appellant not only paid for the work in a manner not warranted by the contract, but bound himself to do so as soon as the work began. The sureties had a right to rely upon payments being made in accordance with the contract. It would have been distinctly to their advantage to have the 15 per cent. retained by appellant as an additional security for the performance of the work. This provision was as much for the indemnity of the sureties as for appellant. 6 Cyc. 82; Finney v. Condon, 86 Ill. 78; Gray v. School District of Norfolk, 35 Neb. 438, 53 N. W. 377.

In this state we think the case of Ryan v. Morton, 65 Tex. 258, is exactly in point, and the opinion in this case has been uniformly followed and approved in this state. Clark v. Cummings, 84 Tex. 614, 19 S. W. 798; Durrell v. Farwell, 88 Tex. 107, 30 S. W. 539, 31 S. W. 185; Lonergan v. Trust Co., 101 Tex. 79, 104 S. W. 1061, 106 S. W. 876, 130 Am. St. Rep. 803; Sanders v. Hambrick, 16 Tex. Civ. App. 462, 41 S. W. 884.

In First National Bank v. Fidelity Dep. Co., 145 Ala. 335, 40 South. 415, 5 L. R. A. (N. S.) 418, 117 Am. St. Rep. 45, 8 Ann. Cas. 241, will be found an interesting review of the authorities from other states. See, also, Wehrung v. Denham, 42 Or. 386, 71 Pac. 136; County of Glenn v. Jones, 146 Cal. 518, 80 Pac. 697, 2 Ann. Cas. 764; Backus v. Archer, 109 Mich. 666, 67 N. W. 914; Evans v. Graden, 125 Mo. 72, 28 S. W. 440.

Appellant cites in support of his contention that the sureties were not discharged, Meyers v. Wood, 26 Tex. Civ. App. 591, 65 S. W. 673; McKenzie v. Barrett, 43 Tex. Civ. App. 451, 98 S. W. 231; American Surety Co. v. San Antonio Loan & Trust Co., 98 S. W. 396; and Dallas Homestead & Loan Association v. Thomas, 36 Tex. Civ. App. 268, 81 S. W. 1041. We have examined these authorities carefully and cannot see that they are applicable to the case here presented. The two latter cases refer to changes in the plans of the building made under the direction of the architect as provided in the contract. In McKenzie v. Barrett it was held that overpayments unintentionally made on account of the mistake of the architect in the estimates did not release the sureties.

There is an expression in the opinion of Meyers v. Wood which, upon a cursory reading, might seem to support appellant's contention; but a careful reading of the paragraph discloses that it is not applicable to this case. The point arose upon a general demurrer to the answer and cross-bill of the owner seeking to recover of the sureties, and it is stated that this cross-bill declares that the provision for the reservation of part of the contract price was a right exclusive to the owners, and which they might exercise or not as they saw fit. It was simply held that a general demurrer to this plea by the sureties was improperly sustained. This is as far as the opinion goes.

[2] It is true that it appears that the payments made by appellant to Lange were applied to the completion of the work, and it is possible that, if they had not been made, Lange would not have been able to complete the job. But the contract, to meet such contingency, provided that appellant should have the election to take charge of the work and finish the same, charging all expenses to Lange. Appellant met the contingency of Lange's inability to proceed with the work, not in the way provided in the contract, but by changing the terms of the contract as to the terms of payment. We think it is therefore no answer to the plea of the sureties that they were discharged by this overpayment; that such overpayments were for the purpose of enabling Lange to proceed with the work.

We conclude that the trial court did not err in instructing the jury that the sureties were released. This disposes of the appeal. We find no errors, and the judgment is affirmed.

Affirmed.