BROOKS v. STEVENS et al. (No. 458.)

(Court of Civil Appeals of Texas. El Paso. June 10, 1915. Rehearing Denied July 1, 1915.)

1. EVIDENCE ☞423—PAROL EVIDENCE—INDORSEMENTS ON NOTES.

Where one not the payee of a note indorsed it at the time of its inception without words expressing the nature of his undertaking, parol evidence, not to vary the indorsement, but to enable the court to understand the terms thereof as the parties understood them, was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1957–1965; Dec. Dig. ☞423.]

2. BILLS AND NOTES ☞241—INDORSEMENT—LIABILITY OF INDORSEE.

One not the payee of a note, who signs his name on the back thereof before delivery, without words to express the nature of his undertaking, is an original promisor or surety.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 542, 547–559; Dec. Dig. ☞241.]

3. PRINCIPAL AND SURETY ☞126 — DISCHARGE OF SURETY—STATUTORY PROVISIONS.

Under Rev. St. 1911, art. 6329, authorizing any surety on any contract to require the creditor, by notice in writing on the accrual of a cause of action, to forthwith sue thereon, and providing that a failure so to do will release the surety, a verbal notice by a surety, not acted on by the creditor, does not release the surety from liability.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§. 329–351; Dec. Dig. ☞ 126.]

Appeal from Harris County Court, at Law; Clark C. Wren, Judge.

Action by R. E. Brooks against C. F. Stevens and another. From a judgment granting insufficient relief, plaintiff appeals. Reversed and rendered.

A. M. John, of Houston, for appellant. E. B. Pickett, Jr., of Liberty, and Stevens & Stevens, of Houston, for appellees.

WALTHALL, J. Appellant, R. E. Brooks, sued appellees, C. F. Stevens and J. F. Richardson, in the county court at law of Harris county, Tex., alleging that appellees executed and delivered to him the promissory note hereinafter described, appellant "loaning said sum of money to defendant Stevens in consideration that said defendants make, execute, and deliver to him the said note," etc., and further, that "defendant Stevens is the principal obligor, and defendant Richardson is liable as an indorser of commercial paper, on the face of which indorsement said sum of money as above set forth was loaned to defendant Stevens." Appellee Stevens made no answer, but appellee Richardson appeared and filed an answer in which he stated: "This defendant indorsed same as a surety without any consideration whatever to him, but merely as an accommodation to the principal, C. F. Stevens, and only for the purpose of so lending his credit, and this defendant was simply a surety thereon, as was well known to the plaintiff when the note was delivered to him and accepted by him, and no part of the loan made to Stevens upon said note was received by this defendant, all of which plaintiff knew"—and defended on the grounds: (1) That appellant not having brought suit upon the note against C. F. Stevens at the first term of the court to which suit could be brought after the maturity of the note, or before the second term, and showing good cause why suit had not been filed to the first term, said appellee was discharged; (2) that the note having once been extended, with the consent of said appellee, before its second maturity, "he expressly informed plaintiff to grant no further extension or extensions, and if the note was not paid by C. F. Stevens, the principal, when it next matured, to at once file suit for collection of same, and when this defendant so requested to promptly enforce collection of said note, thereupon plaintiff stated to this defendant he then owed to the other defendant herein, C. F. Stevens (who was principal maker upon said note), more than the amount of the note, and he (plaintiff) would take care of the note; and thereupon, when such statement was so made by plaintiff, he accepted it as releasing and discharging him from further liability upon said note, and he did not thereafter deem it necessary to see to it that plaintiff began suit to collect same at the first term of court after maturity thereof." Appellant denied the allegations contained in the preceding paragraph numbered 2.

A trial before the court resulted in a judgment in favor of appellant against Stevens, and in favor of Richardson to the effect that appellee take nothing.

The court filed his findings of fact and as the findings are accepted by both parties as correct, we copy them.

## "Findings of Fact.

"C. F. Stevens requested R. E. Brooks to loan him money represented by the note hereinafter mentioned. Brooks agreed that if Stevens could furnish Richardson on the note he would lend the money. Stevens subsequently, either by letter or personally, gave to Brooks the note sued on, which note is signed by Stevens, payable to the order of the maker, and contains on its back the indorsement of Stevens, and above Stevens' name that of the defendant J. F. Richardson. Upon the receipt of this note Brooks furnished the money to Stevens. Brooks at the time understood that Richardson was placing his name on the note merely for the accommodation of Stevens and that Stevens was to get the full benefit of the loan. Subsequently, the note was renewed with the consent of Richardson. Before the note as renewed became due, and after the first renewal, Richardson and Brooks had a conversation in which Richardson insisted that the note be not again extended, and told Brooks that he wanted him to file suit on the note when it matured. Brooks told Richardson then that the Roywood Canal Milling Company was owing Stevens some money and that the note would probably be taken care of. Richardson relied on this statement of Brooks and took no further steps to protect himself.

"The extension of the note which was agreed to by Richardson carried its due date up to February 15, 1910. On February 23, 1910, Brooks wrote to Stevens concerning said note as follows:

" 'I wrote you on the 11th inst., regarding your note which I agreed to extend until February 15th, Mr. Richardson having agreed, as indorser on same, that to extend to that date would be satisfactory. I trust it is now convenient for you to remit me to cover same.'

"And again, on May 5, 1910, Brooks wrote Stevens as follows:

" 'Referring to your note for $450, held by me, on which J. F. Richardson is indorser, would say that this note is some time past due and unless Mr. Richardson will write me agreeing on some fixed date for the extension of the note, I will be compelled to sue on same to protect the indorsement. I don't wish to do this, and would ask that you have the matter arranged at once.'

"On May 6, 1910, Stevens wrote Brooks a letter in which he used this language:

" 'Yours of the 5th inst. has been received, and in reply thereto, I have to say that I will have the agreement to extend signed by the indorser as requested.'

"On May 27, 1910, Brooks wrote Stevens as follows:

" 'I wrote you on May 21st, regarding waiver that you were to send me from Mr. Richardson, agreeing to extension of time of payment of your note, on which he is an indorser. I have not heard from you regarding this matter, and I must ask that it be given attention at once.'

"The consent of Richardson to a further extension of the note was never gotten, and Brooks brought suit on the note against Stevens, as principal, and against Richardson alleging that he was liable herein as indorser of commercial paper on the strength of which said indorsement the said sum of money, as above set out, was loaned by plaintiff to the defendant Stevens. Some three years after the maturity of the said note, under the said extension, Brooks filed this suit. Defendant Richardson defends on the ground, among other grounds, that he was an indorser, and that the suit was not brought within the first term of court after maturity of the note nor at the second. Brooks' contention is that, under the facts, Richardson is a surety, and filed no written notice with the holder of the note requesting that suit be instituted at maturity, and consequently the suit was not properly filed."

[1, 2] Appellant presents one assignment of error, insisting that there was error in rendering judgment for appellee Richardson on the facts, because they show appellee to be a surety, and not an indorser, merely, of the note. The first proposition is to the effect that where a person, not a payee, signs his name upon the back of a note at the time of its inception, without words to express the nature of his undertaking, he is liable as an original promisor or surety, and not as an indorser merely. The position of Richardson's name upon the note being one of ambiguity in itself, the trial court heard parol proof to show the circumstances in order to disclose the intention, and thereby the true and full relation of all the parties to the transaction and their understanding of it, under which the name of Richardson was written upon the note. If we read into the note, as we must do, the facts found by the court, not for the purpose or to the extent of altering, varying, changing the terms of, or to impeach the original or present validity of the writing as found, but only for the purpose of understanding the terms of the paper itself as the parties understood it at the time of its execution and delivery, they disclose that Stevens requested of Brooks the loan of the money for himself; Brooks agreed with Stevens that if Stevens could furnish Richardson on the note he would lend the money. Richardson was not the payee, and placed his name on the note at its inception and before delivery to Brooks merely for the accommodation of Stevens, and with the understanding of both Brooks and Stevens that Stevens was the beneficiary of the loan and to get all the money, and Stevens handed Brooks the note and received the money.

Appellant refers us to cases from the Supreme Court of this state as sustaining his position.

In Cook v. Southwick, 9 Tex. 615, 60 Am. Dec. 180, Southwick sued Cook and Hubbell on a note which reads as follows:

"Galveston, Oct. 1st, 1846.

"$300.00. Five months after date I promise to pay to Robert O. W. McManus, three hundred dollars, being in part payment for the steamboat called the Little Sally.

"[Indorsed] Henry Hubbell.

"[Signed] Wm. M. Cook."

Justice Wheeler, in discussing the effect of such an indorsement, used this language:

"The authorities are numerous to the effect that where a person not the payee of a note signs his name upon the back at the time of its inception, without any words to express the nature of his undertaking, he is liable as an original promisor or surety."

In H. B. Carr, Ex'r, v. Rowland, Ex'r, 14 Tex. 275, a suit was brought by Rowland against Meyers and Carr upon a promissory note made payable to Hale and signed by

Wm. Spicer, and upon the back of which appeared the following: "Indorsed by Gibson Meyers and H. B. Carr." Justice Wheeler, in deciding that case, said:

"The indorsement of the note by the appellant's testator was not in the character of an ordinary indorser or assignor. It was in that of a guarantor or surety. He was not a payee, transferring the note by his indorsement. He put his name upon the back of the note, which was payable to others, who transferred it to the plaintiff. He therefore is not to be considered in the light of a common indorser, and was entitled to none of the privileges of that character."

In the case of Latham v. Houston Flour Mills, 68 Tex. 127, 3 S. W. 462, on a note made by appellee and signed by it through its president and made payable to D. F. Stuart, and with the names of Shepherd and Latham written on the back of the note and before that of the payee and done before the delivery of the note, the Supreme Court, speaking through Chief Justice Willie, referred to the two cases above, and said that when the proof is not otherwise our decisions seem to treat such indorsers as original promisors or sureties, entitled to the same rights and subject to the same liabilities. The contract of the irregular indorsers is what may be written above their names consistently with the transaction. What may be written is that which the law implies from the indorsement, or what the parties have agreed on as to the liability of the indorsers. Richardson wrote nothing on the note, except his name, knowing that the note was to be thereafter transferred by indorsement of Stevens and delivered to Brooks for the loan of money. He was not the payee of the note; he signed it at its inception and before delivery, and without words to express the nature of his undertaking. We are of the opinion that his liability was that of an original promisor or surety. Brooks was required to take notice that Richardson was a surety. Appellant's first assignment of error must be sustained.

[3] It is unnecessary to pass upon the second and third propositions under the first assignment to the effect that the surety, Richardson, orally, and before maturity of the note, insisted that the note be not again extended and that suit be filed on the note when it matured, and the insistence not acted on by Brooks, as the facts stated will not have the effect to release Richardson as surety from his liability. Under the Revised Civil Statutes of this state, art. 6329, any person bound as surety upon any contract, when the right of action has accrued, may require, by notice in writing, the creditor or obligee forthwith to institute suit upon such contract, and a failure to conform to the demand would release the surety. But there is neither pleading by appellee, nor fact found by the trial court to suggest such defense, but the defense made here is that Richardson was an indorser in its limited and restricted sense. However, the propositions of appellant correctly state the law. A verbal notice by the surety, not acted on by the creditor, will not release the surety from liability. Leazar v. Menefee, 61 S. W. 438; Dallas, etc., v. Thomas, 36 Tex. Civ. App. 268, 81 S. W. 1041; Behrns v. Rogers, 40 S. W. 419.

The case is reversed as to appellee Richardson, and here rendered that appellant, R. E. Brooks, recover of and from the defendants, C. F. Stevens and J. F. Richardson, the sum of $749.63, with interest thereon from the 25th day of May, 1914, the date of the rendition of the judgment, at the rate of 10 per cent. per annum until paid, together with his costs.