BORSCHOW v. WILSON. (No. 1685.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 8, 1916. Rehearing Denied Dec. 21 1916.)

1. EVIDENCE ⬤⟿441(11)—PAROL EVIDENCE— VARYING TERMS OF CONTRACT.

In an action on notes transferred as part consideration for an exchange of property under a written contract agreeing to sell and convey the notes, where the written contract was clear and unambiguous, and there was no averment in the pleadings that there was any fraud or mistake which made it an incomplete or incorrect memorial of the agreement entered into, parol evidence was inadmissible to prove terms either additional to or different from those contained in the writing.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1799–1812, 2043, 2044; Dec. Dig. ⬤⟿441(11).]

2. BILLS AND NOTES ⬤⟿280—ACCOMMODATION INDORSER.

If one not having an assignable interest in promissory notes joined in an indorsement for the purpose of assignment alone, his liability would have been that of a surety or guarantor and not that of an ordinary indorser.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 622, 627; Dec. Dig. ⬤⟿280.]

3. PRINCIPAL AND AGENT ⬤⟿109(4)—LIABILITY OF PRINCIPAL — INDORSEMENT OF NOTE BY AGENT.

An indorsement of a note by an agent in his own name does not bind the principal.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 322, 365; Dec. Dig. ⬤⟿109(4).]

4. PRINCIPAL AND AGENT ⬤⟿171(1)—LIABILITY OF PRINCIPAL—ACTS OF AGENT IN HIS OWN NAME.

The fact that a principal received the benefit of a transaction is not alone sufficient to make him liable for the agent's undertaking in his own name.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 644, 645, 653, 654; Dec. Dig. ⬤⟿171(1).]

5. FRAUD ⬤⟿47 — ELEMENTS — INJURY TO PLAINTIFF.

Where a count charged the alleged partner of the indorsee of notes with conspiracy to convey to plaintiff notes worth less than their face value, in the absence of evidence that either maker or payee, both liable personally for payment of the notes, were insolvent, no injury to plaintiff, the first essential in an action for fraud, was shown, and there was no liability.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 42; Dec. Dig. ⬤⟿47.]

Appeal from District Court, Cherokee County; L. D. Guinn, Judge.

Suit by A. M. Wilson against Max Borschow and others. From a judgment for plaintiff against named defendant and defendant J. N. Label, named defendant appeals. Reversed and rendered.

Samuels & Brown, of Ft. Worth, for appellant. J. Lee Zumwalt, of Dallas, for appellee.

HODGES, J. In August, 1914, the appellee, A. N. Wilson, instituted this suit in the district court of Cherokee county against G. H. Moss, J. S. Brasher, and J. N. Label, alleging, in substance, as follows: That G. H. Moss had made, executed, and delivered to the defendant Brasher three promissory notes for $500 each, with interest from date at the rate of 8 per cent. per annum, due April 21, 1914, 1915, and 1916, respectively. The notes contained the stipulation that a failure to pay any one of them at maturity would at the option of the holder mature all of them. These notes were given in part payment of the purchase money for a tract of land described in the pleadings, which had been sold by Brasher to Moss. The notes were thereafter, for a valuable consideration, and before maturity, sold to J. N. Label, and were by Label assigned and transferred to the plaintiff. One of the notes had matured but had not been paid, and plaintiff had exercised his option to declare all of them due and had placed them in the hands of an attorney for suit. The petition concluded with a prayer for a personal judgment against the parties mentioned, and for a foreclosure of the vendor's lien upon the land described. In January, 1915, the plaintiff, Wilson, filed an amended original petition, retaining as defendants Moss, Brasher, and Label, and making the appellant Max Borschow also a party defendant. In addition to the averments contained in the original petition, it was alleged, in substance, that Brasher had transferred all of the notes to Label and Borschow; that Label and Borschow had assigned and transferred the notes to the plaintiff, and as a part of the trade had agreed to indorse the notes with recourse on themselves; but that the notes were in fact transferred by Label alone, without indorsement. It was further averred, if the plaintiff was mistaken as to the ownership of the notes being in Label and Borschow, that these parties in their dealings with him were acting as a partnership. It was also charged that Label in transferring the notes was acting as the agent of Borschow. Borschow under oath denied the existence of the partnership between him and Label, denied that Label was his agent in any transaction with the plaintiff, and also denied that he was in any way connected with the trade between plaintiff and Label. Moss and Brasher filed no answer, and judgment was rendered against them by default for the amount of the notes, with a foreclosure of the vendor's lien. The trial then proceeded upon the answers of Borschow and Label.

The facts as disclosed by the testimony were, in substance, as follows: In August, 1913, Wilson was the owner of a stock of goods in the town of Justin, Denton county, Tex., which he desired to sell. After some negotiations, he and J. N. Label agreed upon

the terms of a trade, which they subsequently embraced in the following written agreement:

"State of Texas, County of Denton.

"Know all men by these presents:

"That we, A. M. Wilson, party of the first part, and J. N. Label, party of the second part, have entered into the following agreement and contract, for the exchange and sale of property and merchandise:

"First. The party of the first part bargains, sells and exchanges to the party of the second part as follows: One stock of groceries, general merchandise and fixtures situated in the town of Justin, Tex., Denton county, said stock to be sold at wholesale cost price.

"Second. And in consideration the party of the second part bargains, sells and conveys to the party of the first part as follows: Two tracts of land. One being 160 acres in Henderson county, seven miles south of the town of Athens, known as the Henry McCall place. Also one 75-acre tract located 10 miles southwest of the town of Jacksonville, Tex., known as the Robert A. Smithers place. Also two groups of vendor's lien notes totaling the amount of $2,340.00. The value of the entire property, land and notes, being $7,250.00.

"Third. It is further agreed and understood by each of the parties to this contract, that should the stock and fixtures invoice more than the land and notes amount to then the party of the second part agrees that the difference shall apply to the transferable indebtedness of the party of the first part on the stock transferred, and if the difference should be more than this indebtedness, then the remaining difference is to be paid in cash.

"Fourth. Should either party to this contract, after good and sufficient titles have been furnished, refuse to deliver possession of said property on completion of the inventory to the above-mentioned stock, then the party in default shall surrender, forfeit and deliver all papers to the party complying with the contract.

"Fifth. It is agreed and understood that the party of the second part is not to assume any contracts made by the party of the first part for goods to be delivered after the present date.

"Witness our hands this the 12th day of August, A. D. 1913.          A. M. Wilson.
                                    "J. N. Label."

Wilson testified that before this written contract was executed he and Label discussed the manner in which the notes referred to were to be transferred and that it was agreed between them that they were to be assigned by Label's written indorsement without any qualification. He was corroborated by another witness, who wrote the contract and was present at the time. Wilson also testified that after an inventory of the goods had been completed, and during his absence, Label brought to his office and left for delivery to him a written assignment of the notes, stipulating that they were transferred without recourse. Wilson refused to accept that assignment, and went over to the store to see Label about it. He was informed, however, by Mr. Borschow, that Label was not in town, but that he (Borschow) would see Label, and was assured by Mr. Borschow that the matter would be arranged satisfactorily.

This oral testimony on the part of Wilson was admitted over the appellant's objection. Label denied that he had entered into any agreement with Wilson to assign the notes by written indorsement and testified that no such agreement was ever made between them.

It appeared from other testimony that one group of the notes, transferred by Label to Wilson as a part of the consideration in that trade, belonged originally to Borschow, but that the notes involved in this suit belonged to Label.

At the conclusion of the evidence, the appellant, Borschow, requested the court to peremptorily instruct a verdict in his favor. This was refused and the case was submitted on special issues, which resulted in a finding of the following facts: (1) That Label and Borschow jointly purchased the stock of goods from Wilson. (2) That Label acted for himself and as agent for Borschow in that purchase. (3) That Label agreed to assign the notes involved in this suit by a plain and unqualified written indorsement. (4) That in making that agreement he was acting both for himself and Borschow. Upon these findings the court entered a judgment in favor of the appellee, Wilson, against both Label and Borschow as indorsers on the notes. Borschow alone has appealed from that judgment.

It will be observed that in the amended original petition filed in this case the liability of the appellant, Borschow, is based upon the ground that he, together with Label, agreed to indorse the notes without any qualification. It is also alleged that Label in contracting with Wilson was acting as the agent of Borschow, and that Label and Borschow were partners in the undertaking. In a trial amendment filed by the appellee, the liability of Borschow is based upon the ground that he and Label entered into a conspiracy to defraud Wilson by inducing him to trade for and accept promissory notes that were "worth less than their face value."

[1] Appellant's liability upon the first count of the appellee's pleadings must be determined by the terms of the written contract, which has been heretofore quoted. It appears to be conceded by counsel for both parties that this contract is the only writing which contains any of the foregoing statement of the facts. The court, over the objection of appellant, permitted Wilson to testify that Label expressly agreed to assign the notes by a plain indorsement. This testimony was either superfluous or inadmissible. The written contract was clear and unambiguous, and there is no averment in the pleadings or statement in the evidence that there was any fraud or mistake which made it an incomplete or an incorrect memorial of the agreement entered into at that time. Parol evidence was therefore inadmissible to prove terms either additional to or different from those contained in the writing. On the other hand, if it can be said that the terms of the written contract to sell and convey the promissory notes implied an assignment by a plain indorsement, the parol testimony of

.Wilson was superfluous and added nothing to the stipulation to be considered in construing the contract. Hence, in disposing of the issue of liability under the first count, we are confined to the written contract alone.

[2-4] The question then is: Did the terms employed by the parties in this contract imply that Label was to assign by written indorsement? In other words, did the terms "sell and convey," when applied to negotiable promissory notes, carry the implication that the sale and conveyance were to be in the form of an indorsement without any qualification? The common-law rule pertaining to the assignment of promissory notes and other choses in action does not prevail in this state. Word v. Elwood, 90 Tex. 130, 37 S. W. 414; Prouty v. Musquiz, 94 Tex. 87, 58 S. W. 721, 996. The contract by its terms bound only Label. There was no evidence that Borschow had agreed to participate in the sale and conveyance of the notes. Let us then suppose that Label had performed the contract, according to Wilson's understanding, and had actually indorsed the notes without any qualification: Would that indorsement have bound Borschow also? The indorsement being for the purpose of assignment alone, it could not have been within the contemplation of the parties that one having no assignable interest should join in the indorsement, without an express agreement to that effect. Had Borschow also indorsed the notes, his liability would not have been that of an ordinary indorser, but that of a surety or a guarantor. Latham v. Houston Flour Mills, 68 Tex. 127, 3 S. W. 462; Brooks v. Stevens, 178 S. W. 30; Jones v. Lynch, 137 S. W. 395; 8 Cor. Jur. 79, and cases cited in ·notes. Had Label by authority written Borschow's name on the back of the notes, the situation of the latter would have been the same as if he had himself put it there. It follows then that, in the absence of proof that Borschow or Label had agreed that Borschow should be bound upon the notes, the judgment appealed from is unsupported by the evidence. Label could not have acted as Borschow's agent in conveying Label's own property; this is true even though they may have been partners in the result of the negotiations. These notes were negotiable instruments; and, under the rule prevailing in this and many other states, an indorsement by an agent in his own name does not bind the principal. Texas Land & Cattle Co. v. Carrol & Iler, 63 Tex. 48; Sanger v. Warren, 91 Tex. 472, 44 S. W. 477, 66 Am. St. Rep. 913; New York Life Ins. Co. v. Martindale, 75 Kan. 142, 88 S. W. 559, 21 L. R. A. (N. S.)r 1045, 121 Am. St. Rep. 362, 12 Ann. Cas. 677, and cases cited in notes. The fact that the principal received the benefits of the transaction is not alone sufficient to make him liable for the agent's undertaking. We therefore conclude that the evidence was insuffi-

cient to hold Borschow liable upon the contract to indorse.

[5] The next question is: Was Borschow liable upon the ground that he conspired with Label to convey notes worth less than their face value? Treating the averments in this count of the appellee's petition as sufficient to charge an actionable conspiracy to defraud, there is no evidence to support a finding against Borschow upon that issue. The notes were executed by Moss payable to the order of Brasher, and by the latter transferred to Label by plain indorsement. Both Moss and Brasher became liable personally for the payment of the notes. There was no evidence from which it might have been concluded that either of these parties was insolvent; and, unless they were, no injury to the appellee has been shown, and the first essential in an action for fraud was lacking. There was therefore no basis for a judgment against the appellant upon that count.

For the reasons stated, we are of the opinion that the court should have given the peremptory instruction. The judgment therefore will be reversed, and judgment here rendered in favor of the appellant, Borschow.