MARY A. WALLACE ET AL. V. R. H. STEVENS ET AL.

No. 6405.

1. **Evidence—Witness.**—In a suit by the widow and children for damages against parties charged to have unlawfully taken the life of the deceased husband and father the defendants are competent witnesses. They are not within the exceptions of the statute. Rev. Stats., arts. 2246, 2248.

2. **Same—Construction of Statutes.**—Where a general rule has been established by statute with exceptions, the courts will not curtail the rule or add to the exceptions by implication.

3. **Unlawful Killing of Human Being.**—In suit by the widow and children of a man who had been killed, brought against the parties who killed him, the court charged: "If at the time Wallace was killed he had abandoned the fight and was fleeing from the fight, and the defendant J. T. Stevens had no reason to believe and did not believe that he or his father was in immediate danger of losing life or suffering serious bodily harm at the hands of Wallace, the killing would be illegal and wrongful." *Held,* that the charge was improper, in that it makes the question whether the killing was wrongful depend not only on the absence of reasonable appearance of danger, but also on the actual absence of belief of danger by the party killing.

4. **Charge.**—Although defendants are sued as joint trespassers, still where the testimony requires, the charge should be so framed as to allow a verdict against one though the others be innocent.

APPEAL from Johnson. Tried below before Hon. J. M. Hall.

The opinion states the case.

*McKnight & McDonald, Brown & Fisher,* and *W. D. Harris,* for appellants.— 1. It was error of the court, especially so under the facts of this case, to make the question of whether a killing is wrongful depend not only on the real absence of reasonable appearances of danger, but also on the actual absence of a belief of danger.

2. The court erred in holding that the transactions and statements

about which a defendant in a suit by heirs, etc., is incompetent to testify, as contemplated by the statute, do not extend to and include a case of this kind.   Rev. Stats., art. 2248.

No brief for appellees.

COLLARD, JUDGE.—This suit was brought by the appellant Mary A. Wallace, the widow of J. H. Wallace, deceased, for herself and for the use of the children of her deceased husband, for damages actual and exemplary resulting from the killing of deceased by the defendants L. H. and J. T. Stevens in a personal difficulty.

Over objections of plaintiff the court permitted defendants to testify in their own behalf as to conduct and statements of deceased, and all that transpired between them and him pending the difficulty.   Plaintiff assigns the ruling as error, because she says it is in violation of article 2248 of the Revised Statutes.

Article 2246 provides that "no person shall be incompetent to testify on account of color, nor because he is a party to a suit or proceeding or interested in the issue tried."   Article 2248 makes exceptions to the general rule in article 2246, as follows:   "In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with or statement by the testator, intestate, or ward unless called to testify thereto by the opposite party, and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

Following well known rules of construction of statutes the Supreme Court of this State in discussing the foregoing statutes has declared that where a general rule has been established by statute with exceptions the courts will not curtail the rule or add to the exceptions by implication. Roberts v. Yarboro, 41 Texas, 452.

The exceptions to the general rule laid down by the statute above quoted do not, however, in terms or by implication include the defendants to this action so as to deny them the privilege of testifying.   This is not a suit by the heirs or legal representatives of J. H. Wallace, deceased.   Plaintiff does not sue for any right inherited from deceased—for any compensation he would have been entitled to; plaintiff sues only for compensation for what she and the children of deceased have lost by the death of the husband and the father—damages resulting to them, which the law declares they are entitled to recover on account of their own loss.

Deceased is not represented in this suit; the widow and children merely represent themselves and sue upon their own claim allowed by law.   We think there was no error in permitting defendants to testify as they did.

The court instructed the jury as follows upon the doctrine of self-defense: " To justify the killing of J. H. Wallace by the defendants or either of them, there must have been some act then done by him or some words then spoken coupled with his acts sufficient to produce upon the minds of the defendants or either one of them a reasonable apprehension that they or one of them were in immediate danger of losing life or of suffering serious bodily injury at the hands of Wallace, and the killing must have been done while such danger or apparent danger existed, for if the killing was done after such or apparent danger had ceased, then it would be illegal and wrongful." This charge is correct and is not complained of by plaintiffs. Blake v. State, 3 Ct. App., 581; Patillo v. State, 22 Id., 593; Conner v. State, 23 Id., 386.

The court also instructed the jury that "if, at the time Wallace was killed, he had abandoned the fight and was fleeing from the fight, and the defendant J. T. Stevens had no reason to believe and did not believe that he or his father was in immediate danger of losing life or suffering serious bodily harm at the hands of Wallace, the killing would be illegal and wrongful." Plaintiff complains of this charge because "it makes the question of whether the killing was wrongful depend not only on the real absence of the reasonable appearance of danger, but also on the actual absence of a belief of danger." This assignment of error is well taken.

As a condition of recovery by plaintiff it required her proof to show that Stevens had no reason to believe there was danger, and that he did not believe there was danger. Plaintiff was not required to show that he did not believe there was danger, but only that from his standpoint he had no reasonable grounds to apprehend it. There might have been no danger in fact, and nothing to produce in his mind a reasonable expectation or fear of it, and yet he might have thought there was danger. Plaintiff was not bound to clear his mind of such belief in order to recover—to show the actual state of his mind—but what it ought to have been, viewing the facts as they should have reasonably appeared to him. If at the time the fatal shot was fired there was no danger, and Stevens had no reasonable grounds to apprehend immediate danger to himself or father, the killing would have been wrongful, even though he may have believed differently.

We think the court should have instructed the jury specially as to the separate liability of J. T. Stevens. The petition alleged a joint wrong it is true, but the jury may have concluded that J. T. Stevens only was guilty of wrong, in which case he would be liable, and it would have been correct to present the jury that view of the case. It was error to limit the liability to a joint wrong under the facts. Cool. on Torts, 126; Laverty v. Arsdale, 65 Pa. St., 507, and authorities cited.

The foregoing disposes of the material questions in the case. We are

of opinion the judgment of the court below should be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Adopted October 22, 1889.