## J. M. RADFORD GROCERY CO. v. JAMISON. (No. 1611.)

(Court of Civil Appeals of Texas. El Paso. April 3, 1924.)

**1. Pleading 380—Testimony referring to issues eliminated by sustaining exception to portion of petition held improperly admitted.**

Where, in an action to recover for breach of contract to furnish plaintiff goods and line of credit, and for converting certain property, court sustained a special exception to petition so far as contract was concerned, it was error to admit in evidence testimony referring thereto.

**2. Damages 159(1)—Essentials to liability in exemplary damages for agent's acts stated.**

Defendant was not liable in exemplary damages for the acts of his agent in taking possession of certain property sold plaintiff, and carrying it away, and locking up plaintiff's store, where plaintiff did not allege, nor did the evidence tend to show, that such acts were done under the direction of defendant, nor that defendant ratified such acts after knowledge thereof, nor did the petition allege or the evidence show any acts or conduct of defendant, express or implied, which would make the acts of the agent his acts.

**3. Appeal and error 1177(5)—On reversal of judgment dismissing cross-action, appellate court unable to render judgment for unpaid balance, where amount indefinite.**

Where a cross-action for goods sold plaintiff, with respect to which plaintiff claimed a credit of an indefinite amount, but practically admitted an indebtedness for the unpaid balance, was dismissed without special exception urged to the cross-action, the appellate court could not render judgment for defendant for the balance on his appeal; the amount being indefinite.

**4. Pleading 411—Right to strike plea of reconvention may be waived.**

A party may waive his right to have a plea of set-off or reconvention stricken out.

**5. Pleading 228—Special exception necessary to reach plea of reconvention.**

A special exception is necessary to reach a plea of set-off or reconvention.

**6. Appeal and error 725(2)—Assignment of errors in sustaining exceptions to petition and overruling demurrers held too general.**

The appellate court was not advised as to the grounds of complaint, in an assignment of error to the action of the court in sustaining exceptions to portions of plaintiff's petition, and in "overruling demurrers, both general and special, as contained in plaintiff's second supplementary petition," which referred only to the pages of the record containing the orders of the court, sustaining or overruling the exceptions, but not referring to or otherwise identifying the proceedings, nor followed by any proposition or statements indicating the parts of the pleadings to which the exceptions referred, nor the grounds on which the exceptions were predicated.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by C. T. Jamison against the J. M. Radford Grocery Company. From a judgment for plaintiff, defendant appeals, and plaintiff files a cross-assignment of error. Reversed and remanded.

Davidson & Hickman, of Abilene, and Dabney & Callaway, of Eastland, for appellant.

Grisham Bros., of Eastland, for appellee.

WALTHALL, J. This is the second appeal of this case. The general outline of the cause of action and disposition made of the case on the former appeal will be found in 221 S. W. 998, to which we refer for a more comprehensive statement than we feel necessary to make here.

C. T. Jamison brought this suit against J. M. Radford Grocery Company, a corporation,

to recover damages, actual and exemplary, on account of an alleged breach of contract on the part of the defendant grocery company to furnish plaintiff certain goods, wares, and merchandise to the value of $2,000, and to furnish plaintiff a line of credit in the retail grocery business to the extent of $2,000, and for taking possession of and converting to its own use and benefit a certain storehouse, an automobile truck of the alleged value of $500, and certain merchandise then in the said storehouse, of the alleged value of $65.43, and for loss of profits at the rate of $25 per day for a period of one year, and stating other matters as grounds for exemplary damages.

The case was tried on the second amended original petition and supplemental petition, setting up in detail the purported contract as above, and its breach; that plaintiff purchased of defendant said automobile truck and storehouse at an agreed valuation of $700, for which he executed his promissory note to plaintiff, and his chattel mortgage on said storehouse and truck to secure its payment; that defendant delivered to him (plaintiff) the storehouse and truck, and merchandise aggregating in value the sum of $1,096.34, and alleged other matters with reference to his grocery business which we need not state here. Plaintiff further alleged that thereafter defendant, through its agent, St. John, forcibly took possession of said storehouse and automobile truck, locking up said house and carrying away said truck, of the value of $500, and said merchandise from said storehouse, of the value of $65.43, and that by reason of the alleged breach of said contract to furnish said goods and said line of credit, and by reason of defendant's said agent closing up said store and carrying away said truck and goods, plaintiff had sustained damages, actual and exemplary, in the sum of $10,565.43, for which he sued; that the acts of defendant in closing the store and carrying away the truck and goods were done through said agent, by force, threats, fraud, and violence, who took possession of said premises, store, and truck, and loaded said truck with said goods, which it unlawfully and willfully took from plaintiff's said store, and unlawfully appropriated to its use and benefit. Plaintiff alleged that he had made payments on said indebtedness of several sums.

Defendant answered by general demurrer, special exceptions, general and special denials, denying the making of the contract, except in so far as it sold plaintiff the said house and automobile truck under the terms of the mortgage; denied the authority of any agent to make such contract as alleged, or that the taking possession of said house and truck was done under the terms of the mortgage. Defendant, by way of reconvention, alleged that it had sold and delivered the goods to plaintiff in the amount as alleged by plaintiff, and that plaintiff was still indebted to defendant for said goods in the sum of $668.79. Defendant pleaded other matters not incident to nor growing out of the matters pleaded by plaintiff, which we need not state.

The court sustained a special exception to the contract pleaded by plaintiff, to which plaintiff excepted, and presents a cross-assignment of error.

The case was tried with a jury, and submitted upon special issues. The court instructed the jury that the only actual damages to which plaintiff was entitled under the evidence was the sum of $65.43, representing the value of the goods taken by defendant from plaintiff's place of business, and submitted to the jury the issues as to whether "plaintiff was entitled to exemplary damages by reason of the manner of the taking of said merchandise," and, in the event the jury answered in the affirmative on that issue, then "what amount of exemplary damages is the plaintiff entitled to receive?" The jury answered "Yes" to the first, and found exemplary damages in the sum of $2,500.

The court, in submitting the issue of exemplary damages claimed by plaintiff for the alleged wrongful conversion of plaintiff's goods or merchandise, carried away in the automobile truck, said that, if the jury believed from the evidence that defendant, in a willful and wanton disregard of plaintiff's rights to the said merchandise, took possession thereof without plaintiff's consent, and without compensation appropriated the same to defendant's use and benefit, under such circumstances as operated as a fraud upon plaintiff's rights, or in a willful and wanton disregard thereof, then the jury might, in addition to the price of the merchandise, find exemplary damages, and defined certain words used in submitting the issue of exemplary damages.

On the jury's findings the court rendered judgment for plaintiff for the sum of $2,565.43. Defendant prosecutes this appeal, and plaintiff files a cross-assignment of error.

### Opinion.

[1] The view we take of the case renders it unnecessary to discuss separately and in detail many of the propositions. The court having sustained an exception to the petition setting up the contract to furnish plaintiff goods and a line of credit, it was error to admit in evidence the testimony referring to same, plaintiff's prospect for business, what certain parties would have done in matters of trade with plaintiff under the conditions stated, and especially the evidence as to plaintiff's illness, and the necessity for him to go to Fort Worth for treatment, as the latter could have no reference to any issue, either of contract or tort, and could tend only to confuse the jury, and would probably im-

properly influence their findings on other issues, to which the evidence could have no reference. Schoolher v. Hutchins, 66 Tex. 332, 1 S. W. 266; Smith v. Caswell, 67 Tex. 576, 4 S. W. 848; Loan Ass'n v. Thoman, 36 Tex. Civ. App. 268, 81 S. W. 1041.

[2] The plaintiff did not allege, nor did the evidence tend to show, that the several acts of aggravated conduct or tort alleged to have been committed by defendant's agent, St. John, in taking possession of the store, the automobile truck, and goods, and carrying the truck and goods away and converting them, and in locking up the store, taking the key, etc., and made the predicate for the suit for exemplary damages, were committed by the direction of the defendant, nor that the defendant ratified and adopted such acts of the agent as his own, after knowledge of the alleged unlawful, willful, or wanton acts of the agent; nor does the petition allege or the evidence show any acts or conduct of the defendant, express or implied, which would make the acts of the agent the acts of the defendant. In the absence of such allegations and proof, recovery cannot be had against the defendant for exemplary damages. It has long been the rule that, as to acts of aggravation growing out of wantonness of the agent, the employer is not on the same footing with the agent, unless he directed the acts to be done, or has made them his own. Hays v. H. & G. N. R. Co., 46 Tex. 272; I. & G. N. R. Co. v. Garcia, 70 Tex. 207, 7 S. W. 802; Wortham-Carter Pub. Co. v. Littlepage (Tex. Civ. App.) 223 S. W. 1043. It is not our purpose in what we have said to pass upon the question as to whether exemplary damages can be predicated upon the facts disclosed by the evidence. We do not pass upon that issue.

[3-5] The court, without special exception urged to appellant's cross-action, dismissed the cross-action. Plaintiff pleaded that he had purchased goods of appellant to the extent of $1,096.34, and claimed a credit of an indefinite amount, but practically admitted an indebtedness for the unpaid balance. The balance is left indefinite, the court having dismissed the cross-action, and because of the indefiniteness of the balance we cannot render judgment for the amount. A party may waive his right to have a plea of setoff or reconvention stricken out, and it requires a special exception to reach such a pleading. Frank v. Motley (Tex. Civ. App.) 37 S. W. 868; Wentworth v. King (Tex. Civ. App.) 49 S. W. 696; C. H. Cedar Co. v. Dewees Cedar Co. (Tex. Civ. App.) 221 S. W. 681.

[6] Appellee in his brief presents cross-assignments of error to the action of the court in sustaining exceptions to portions of the petition, and in "overruling demurrers, both general and special, as contained in plaintiff's second supplemental petition, there referred to and made a part hereof," and referring only to pages of the record containing the orders of the court sustaining or overruling the exceptions, but not referring to or otherwise identifying the proceeding, nor followed by any proposition or statements indicating the parts of the pleadings to which the exceptions refer, nor the grounds upon which the exceptions are predicated, are too general. We are not advised as to the ground of complaint.

For reasons stated, the case is reversed and remanded.