## J. M. RADFORD GROCERY CO. v. JAMISON.   (No. 77.)

(Court of Civil Appeals of Texas. Eastland. Feb. 5, 1926. Rehearing Denied April 2, 1926.)

1. Judgment ⚖⇒581—Judgment sustaining demurrer to part of plaintiff's petition is not res judicata in subsequent action where first case was reversed.

Judgment sustaining demurrer to part of plaintiff's petition is not res judicata in subsequent action where first case was reversed on appeal, which operated as reversal of entire matter.

2. Chattel mortgages ⚖⇒162 — Mortgagee charged with conversion of property mortgaged could not be held liable in damages for taking possession on default, though jury found that possession was not taken by agreement.

In action involving conversion of truck and building mortgaged to defendant, though jury

found that defendant did not take property by agreement, it was error to refuse charge that plaintiff could recover no damages for taking on default in payment, since defendant's legal right under the mortgage existed independently of agreement.

**3. Appeal and error ☞1001(1)—Findings of jury if supported by any evidence will be accepted by Appellate Court.**

Appellate Court will not act as jury in passing of credibility of witnesses and weight of testimony, but will accept findings of jury if supported by any evidence.

**4. Principal and agent ☞159(1)—Defendant held not liable in exemplary damages for agent's acts where it did not participate in acts or ratify same.**

Defendant is not liable in exemplary damages for acts of agent in taking possession of certain property sold plaintiff and locking up plaintiff's store, where there was no evidence that defendant or any of its officers was party to agent's acts or ratified same.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Action by C. S. Jamison against the J. M. Radford Grocery Company, in which defendant filed a cross-action. Judgment for defendant on its cross-complaint, and judgment for plaintiff for actual and exemplary damages, and defendant appeals. Reversed and remanded.

Allen D. Dabney, of Eastland, and Davidson & Hickman, of Abilene, for appellant.

Grisham Brothers, of Eastland, for appellee.

RIDGELL, J. This is the third appeal of this case. The opinion of the honorable Court of Civil Appeals upon first appeal will be found in 221 S. W. 998, and the opinion upon the second appeal in 260 S. W. 957. We refer to said opinions for a more comprehensive statement, and make the following additional statement of history of the case:

C. S. Jamison filed his third amended original petition setting up and seeking recovery on account of the alleged breach of contract in the taking of the house and truck and in addition agreement to sell plaintiff an initial stock of groceries of the value of $2,000 and keep said stock up to $2,000, alleging the execution of the chattel mortgage and note. He alleged an agreement with appellant that the note and initial stock of goods were to be paid out of the current profits. Appellee alleged that appellant delivered to him merchandise in the sum of $1,096.34, and thereafter refused to make further deliveries, and demanded payment of said note secured by a chattel mortgage on the house and truck; that appellant through its agents took possession of said truck and house and took merchandise out of the store of the value of

$65.43, and locked up the house, nailing down the windows, etc., alleging that the appellant maliciously, wantonly and willfully breached said contract to appellee's actual damages in the sum of $5,000 and exemplary damages in the sum of $5,000.

The appellant filed his second amended answer, and demurrer generally and specially to appellee's petition, and further answered by general denial and specially pleading its authority for taking the house and truck under the terms of its chattel mortgage. The appellant further denied that it ever approved or ratified any alleged contract made by McAdams. The pleadings of both parties are so voluminous that we do not believe it necessary for the understanding and disposition of this appeal to make further statement, but statements will be made as are deemed pertinent in a discussion of the errors complained.

The cause was tried before a jury, resulting in appellant obtaining judgment on its cross-action in the sum of $1,113.32, and judgment in favor of appellee for $65.43 actual damages and $2,500 exemplary damages, as found by the jury. The appellant filed its motion for new trial, which was overruled, and the cause is now before this court again for review.

[1] Error is predicated in the court refusing to sustain exception to appellee's petition, the appellant contending that on the 7th day of February, 1923, judgment was entered sustaining demurrers and exceptions to plaintiff's second amended original petition which related to the taking of the car and house, it being insisted that the judgment theretofore made at a former term of court sustaining demurrer was final, and res judicata. We do not believe that the said order was final. The court did sustain exceptions to that part of the petition and entered judgment, but on appeal the cause was reversed, and, as we understand the rule, the reversal of the case would be a reversal as to the whole matter. 23 Cyc. 1130g; 23 Cyc. 1131c, subdivision I, same, page 1132. Houston Oil Co. of Texas v. Davis (Tex. Civ. App.) 181 S. W. 851; Mexico Central R. Co. v. Goodman (Tex. Civ. App.) 55 S. W. 372.

The jury found in appellant's favor that no such contract was made, and, if it could be conceded that the court was in error in overruling the exceptions, it would be harmless. The first, second, third, fourth, fifth, and sixth assignments of error, all relating to the alleged contract to furnish goods, will therefore be overruled.

[2] Appellant assigns error in the court refusing to give the following special charge:

"You are charged that under the terms of the chattel mortgage, executed by plaintiff covering the building and truck mentioned in plaintiff's petition, defendant had a right to take possession of the truck and building upon de-

fault in the payment of said note, and plaintiff is not entitled to recover damages against the defendant for taking possession of said truck and store building."

We believe that this charge should have been given. Manifestly, under the terms of the mortgage, the appellant did have the right to take charge of said property, and notwithstanding there was an issue as to whether appellant took the property by agreement, and which was found against appellant, still his legal right existed independently of agreement, and the jury should have so been instructed. Error is complained of verdict of the jury and judgment of the court in awarding exemplary damages. It is contended that there was no evidence of malicious or wanton and willful conduct of appellant's agent, St. John, in the taking of merchandise from the storehouse, and that there was no evidence showing or tending to show that appellant, through its vice president and general manager, C. W. Gill, or any other officer, ratified or confirmed any malicious or wanton and willful conduct upon the part of St. John, if any existed, and that the awarding of exemplary damages in the sum of $2,500 for the taking of $65.43 worth of merchandise from said store is wholly unwarranted and unsupported by any evidence. The jury in answer to special issue No. 12 found that St. John acted with malice, wantonly, and willfully in the taking of the goods from said store.

[3] In answer to special issue No. 13 the jury found that C. W. Gill acted with malice, wantonly, and willfully in taking the goods from the store. Of course the rule is well settled that, if there is the slightest evidence to support a finding, the appellate court will not disturb the same; in other words, this court will not act as jury in passing upon the credibility of witnesses and the weight to be given the testimony, but will accept the findings of the jury when there is any evidence to support the same.

[4] In this case there is not the slightest evidence to support any finding that C. W. Gill acted with malice or wantonly and willfully in the taking of said goods, or that he ratified same; all the testimony without repeating same shows that the only understanding that he had in reference to same was report from St. John that he had made an agreement to take the truck, house, and goods, and no witness testified to the contrary. The testimony of Gill, which is undisputed, was that he had no malice against appellee, and that he did not know of any complaint of any misconduct upon the part of St. John until this suit was filed. Under this state of the record, even if St. John took the goods without any agreement and closed the store and nailed down the windows, if the appellant was not a party to same or did not ratify same, then we do not understand by what rule of law exemplary damages would be recoverable in this case.

In the opinion of the Court of Civil Appeals, 260 S. W. 957, the court strongly intimates that there is no evidence raising the issue of exemplary damages as to appellant. In the light of this record, we cannot permit the judgment awarding exemplary damages to stand. There must be some evidence of direction or ratification by the appellant of the alleged acts and conduct of the agent St. John, and, the evidence failing, we cannot give our approval. McGown v. I. & G. N. Ry. Co., 20 S. W. 80, 85 Tex. 289.

We refrain from further discussion of the elements entering into a recovery of exemplary damages, for the disposition of this case renders same unnecessary, and the discussion in the former opinion on appeal in this case plainly lays down the rule and basis for recovery.

We do not feel called upon to discuss the many other assignments of error, because they will not likely occur upon another trial, and certainly the judgment announced in the opinions of three appeals will be sufficient guide for the trial of this case again.

For the errors mentioned herein, and for the reason that the evidence in this record fails to support and sustain a finding and recovery of exemplary damages, the judgment of the trial court will be reversed, and this cause remanded.