## KING et al. v. MORRIS. (No. 3200.)*

(Court of Civil Appeals of Texas. Texarkana. March 31, 1926. Rehearing Denied April 8, 1926.)

Witnesses ⬅︎150(3)—Testimony of payee of notes as to conversation with deceased maker relative to interest thereon held admissible in action to recover penalty for usurious interest paid by plaintiffs after maker's death, they not suing as heirs (Rev. St. 1925, art. 3716).

Testimony of payee of notes as to conversation and oral agreement with deceased maker relative to interest thereon *held* admissible in action by heirs to recover penalty for usurious interest paid by them after maker's death from their own funds, Rev. St. 1925, art. 3716, not being violated, since plaintiffs were not suing as heirs of deceased.

Appeal from District Court, Camp County; R. T. Wilkinson, Judge.

Action by Mrs. E. A. King and others against R. E. Morris. Judgment for defendant, and plaintiffs appeal. Affirmed.

C. E. Bryson, of Pittsburg, for appellants. J. D. Bass, of Pittsburg, for appellee.

HODGES, J. On December 23, 1920, E. A. King, the deceased husband of the appellant, Mrs. E. A. King, and the father of appellant Mrs. Emile Richardson, executed and delivered to the appellee, Morris, three promissory notes. One was for $2,200, due December 23, 1921; another for $2,400, due December 23 1922; and the third due December 23, 1923; but there was some dispute as to the amount of the principal of this note. The figures it bore were conflicting; one group stating the principal as "$26.00," and another as "$2,600," while the written recital was "twenty-six dollars." Each of these notes was to bear interest at the rate of 10 per cent. per annum from maturity. When paid, each contained a credit of $166.66 as interest paid on October 23, 1921, two months before the maturity of the first note. E. A. King died in September, 1922, without having made any other payments. Some time after his death all of the notes were paid by the appellants; the interest being computed at the rate of 10 per cent. per annum from October 23, 1921. The third note was treated in the settlement as being for the principal sum of $2,600.

This suit was later filed by the appellants to recover the statutory penalty for the payment of usurious interest. They allege, in substance, that Morris was a banker, and King was one of his depositors; that Morris took $500 of King's money for his own personal use, and without authority entered the credits on the notes as interest. They further allege that the third note was for only $26, and that the payment of all in excess of that sum and interest thereon was usury. They claim that in paying the first and second notes they paid approximately $63.29 as usurious interest. Morris answered generally and specially, alleging that on the date of the notes he loaned King $6,000, and took the three notes referred to in the appellant's pleading; that each of these notes was based upon a consideration of $2,000, and that the interest was added to their respective maturities. He also alleged that the credits borne by the notes was made under a special agreement with King for the payment of the interest in advance of maturity.

Over the objection of the appellants, Morris was permitted to testify that on the 23d of December, 1920, he loaned King $6,000, and took his three promissory notes for $2,000 each, with the interest added in the face of the notes up to the date of maturity. About the time the credits were entered upon the notes on October 20, 1921, he had an understanding with King that this should be done; that King, knowing that he would be unable to meet the first note at maturity, agreed to pay all the accumulated interest to that date, which amounted to $500, as a consideration for an indulgence on the first notes. This testimony was objected to upon the ground that this was a suit by the heirs of E. A. King, and that Morris, being a party to the transaction, was incompetent to testify under the provisions of article 3716 of the Revised Civil Statutes of 1925.

The court submitted only one issue to the jury and that related to the amount of the principal of the third note. In response to the questions the jury found that it was intended by Morris and King that the third note should be for $2,600.

While the appellants allege in their petition that they are suing as heirs of E. A. King, the facts stated as a ground of recovery show a suit in their own right. Both their pleadings and their evidence show that the only payments which could, under any view, be considered usurious interest were made by the appellants after the death of King and from their own funds. They are not defending a suit by Morris against the

estate of King, nor one against them as heirs of King; neither are they seeking the recovery of property which they had inherited from King. The statute has no application, and the court committed no error in admitting the testimony. Wallece v. Stevens, 12 S. W. 283, 74 Tex. 559. If the testimony of Morris be true, there was no usurious interest paid. The judgment will, therefore, be affirmed.