**TAYLOR et al. v. ESPARZA.    (No. 2159.)**

Court of Civil Appeals of Texas. El Paso.
June 21, 1928.

Rehearing Denied July 5, 1928.

1. **Assault and battery** ⊚⟹13—**What defendant making assault believed regarding danger, if not superinduced by facts themselves, would not give rise to right of self-defense.**

What defendant committing assault thought or believed as to danger from plaintiff, if not superinduced by facts themselves, would not give rise to right of self-defense.

2. **Assault and battery** ⊚⟹24(2)—**In civil action for assault and battery, facts creating reasonable apprehension of injury should be pleaded to give rise to right to self-defense.**

In civil action for assault and battery, facts creating a reasonable apprehension or fear of bodily injury should be pleaded to give rise to right to defend self on appearance of danger.

3. **Master and servant** ⊚⟹332(3)—**Where facts were undisputed, it was more question of law than of fact whether collector committing assault was independent contractor or employee of loan company.**

In action for damages for assault, where facts were undisputed, it was more question of law than of fact as to whether collector making assault was an independent contractor or an employee of loan company.

4. **Master and servant** ⊚⟹302(3)—**If collector making asault was an employee and was acting within scope of employment, employer was liable for actual damages.**

If collector was an employee in collection of claim and was acting within scope of his em-

ployment when making assault and if collector himself was liable for assault, employer was liable for actual damages by reason of assault by employee acting within scope of employment.

5. **Master and servant** ⊚⟹330(3)—**Evidence sustained finding that collector making assault on plaintiff was employee of codefendant.**

In action for damages for assault, evidence sustained court's finding that collector making assault was employee of codefendant.

6. **Master and servant** ⊚⟹331—**Employer held not liable for exemplary damages where employee, a collector, made assault on plaintiff.**

Employer *held* not liable for exemplary damages where employee, a collector, made assault on plaintiff, but there was no evidence that employer advised or encouraged collector in making assault or any overt act of fraud, malice, gross negligence, or oppression.

7. **Assault and battery** ⊚⟹40—**Husband and wife** ⊚⟹260—**Judgment in action by husband in behalf of himself and wife was community property, and defendants could not have amount recovered apportioned, statutes not applying (Rev. St. 1925, arts. 4677, 6439).**

Judgment recovered in action for assault by husband on behalf of himself and wife was community property of husband and wife, and defendants did not have right to have amount recovered apportioned between husband and wife, since Rev. St. 1925, art. 4677, relating to apportioning damages, and article 6439, do not apply.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Juan Esparza against J. G. Taylor and another. From a judgment for plaintiff, defendants appeal. Reformed, and as reformed, affirmed.

Knollenberg & Cameron, of El Paso, for appellants.

C. M. Wilchar, of El Paso, for appellee.

WALTHALL, J. Juan Esparza brought this suit in behalf of himself and wife, Antonia, against J. G. Taylor and Adolfo Collins, to recover damages, actual and exemplary, for an alleged assault committed upon him by Collins.

It is alleged that the assault was committed in plaintiff's residence and in the presence of his wife, which caused her to become ill and suffer mental and physical pain; that Collins at the time of the assault was in the employ of Taylor, manager of the People's Credit Company; that the People's Credit Company, through Taylor, was engaged in loaning money at a usurious rate of interest and that Collins was an employee of Taylor in the collection of amounts of money at a usurious rate of interest claimed to be due. Plaintiff, in substance, charged a conspiracy and acting together on the part of Taylor and Collins in extorting money from him at a usurious rate of interest, and in an effort to compel plain-

---

tiff to go to Taylor's office where Taylor would endeavor to unlawfully extort money from him at a usurious rate of interest.

Defendants filed separate answers. Both defendants answered by general denial. Collins further answered that such assault upon Esparza as was made was in self-defense and only such force was used as was necessary thereto and to defend himself from injury from an assault made upon him by Esparza; "that at said time this defendant thought that he was in danger of bodily injury, * * * and thought that the said plaintiff intended to inflict bodily injury upon" him. Taylor denied any knowledge of, or consent on his part, to the assault; that Collins was acting as an independent contractor in making some collections for the People's Credit Company; that Collins' manner of making collections was not controlled by him; that Collins was not employed to make an assault upon any person.

The case was submitted to a jury upon the following issues:

"Question No. 1. Do you find that the plaintiff, before he was struck by the defendant Collins, attempted to injure the defendant Collins?" The jury answered: "No."

"Question No. 2. Do you find that a man of ordinary prudence, situated as Collins was, would have thought or supposed he was about to be assaulted or injured by the plaintiff, Juan Esparza?" The jury answered: "No."

"Question No. 3. What sum do you find will reasonably compensate the plaintiff for the damages, if any, suffered by him as a result of the difficulty complained of?"

In submitting the charge the court confined the jury to a consideration of actual damages. The jury answered: "$250."

"Question No. 4. Do you find that plaintiff should recover exemplary damages?"

In submitting that charge the court stated the rule for the allowance of exemplary damages, and left it to the jury to determine the amount and whether either or both should pay such damages. The jury found against both Collins and Taylor, and assessed the exemplary damages at $75.

The judgment recites that all other issues of fact were found in favor of plaintiff, and entered judgment in favor of plaintiff for himself and his wife in the sum of $325, interest from the date of the judgment, and costs of suit.

## Opinion.

Appellants submit seven propositions. The first point submits that the rule of self-defense is the same in a civil suit as in a criminal case—that is, that the defendant had the right to act on appearances of danger and from his standpoint, and that the court should have so charged the jury.

[1,2] The court gave the charge substantially in the language of the answer of defendant Collins—that is, as to what a man of ordinary prudence, situated as Collins was, would have thought or supposed he was about to be assaulted or injured by plaintiff. The answer did not allege what the appearances were to him as to danger of bodily injury, or that such were the appearances to him. We think that distinction as to the facts is sustained by the Supreme Court in Wallace v. Stevens, 74 Tex., 559, 12 S. W. 283. What Collins thought or believed as to danger not superinduced by the facts themselves would seem to be immaterial and would not give rise to the right of self-defense. In civil cases the facts creating the reasonable apprehension or fear of bodily injury should be pleaded to give rise to the right to defend against such appearance to defendant Collins.

The case was submitted upon special issues. Article 2189, R. C. S. 1925, provides that in submitting a case upon special issues the court shall submit the cause upon special issues raised by the pleadings and the evidence, and shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues. The special charge submitting the issues does not contain such legal terms as require explanations and definitions or either. The special charge given by the court embraces, we think, substantially all of the elements properly suggested by the special charge requested by appellants on that issue—certainly all that was justified or called for in the answer.

Taylor pleaded that at the time of the alleged assault Collins was making some collections for the People's Credit Company as an independent contractor and that his manner of making collections was not controlled by him, Taylor; that he paid for and was interested only in results, that is, for collections made. The second proposition is directed to the refusal of the court to submit his requested special issue No. 4, as to whether Collins was an independent contractor at the time of the assault on Esparza.

[3, 4] It is not alleged in any of the answers of the defendants, nor does the evidence show, that Esparza owed any sum of money to Taylor or the company of which Taylor was manager; nor do the answers of defendants or the evidence show that Collins had or claimed to have a collection against Esparza at the time of the assault. The issue as to whether Collins was an independent contractor in the collection of money due Taylor or his company, there being no controversy in the evidence as to what part Collins was to take in the matter of adjusting the Esparza claim, was not a material issue of fact in the case to be submitted to the jury. As we view it, where the facts are undisputed, it becomes more a question of law than of fact as to whether Collins was an independent contractor or an employee. If Collins was an employee of Taylor in the collection of the claim and was acting within the scope of his em-

ployment, and if Collins himself was liable under all of the facts shown by the evidence, Taylor would be liable for any actual damages to Esparza by reason of the assault by Collins, acting within the scope of his employment.

Collins testified, in substance, that:

He was not authorized to collect any money of Esparza, but his part of the service to Taylor, or his company, was to have Esperza "come in," that is, go to Taylor's office; said: "I stood in front of him and asked him why he hadn't come to the office. * * * I told him I wanted him to come to the office and make some explanation about it. * * * I was trying to make him come to the office. * * * When I take them to Mr. Taylor he makes arrangements with them when they will pay, and he would take the account away from me and put on the date they promise."

When a payment was made Collins would get a commission. Collins said he had a card on Esparza that Taylor had given him, said, "As to his (Taylor's) knowing what I was to do when he gave me that card, well, it is understood I am to have them come in. * * * It was well understood between Mr. Taylor and myself what I was to do"—that is, as we understand it from the whole of the testimony, that in giving Collins the Esparza card Taylor well understood that Collins would undertake to have Esparza come to the office when and where Taylor would undertake the part of the settlement with Esparza, Collins doing one thing and Taylor another to bring about a settlement of the one claim. Collins' effort to have Esparza go to Taylor's office is so directly connected with the unwarranted assault he made upon Esparza, as the jury found, that it is impossible to disconnect the two, so- that we think to view the assault and effort of Collins together and as a circumstance in determining the issue of his agency of Taylor in the part Collins was to perform in the collection of the claim. But the evidence does not show that Taylor advised or encouraged Collins in making the assault or did anything to make

him a principal or accessory to the assault, or any overt act of "fraud, malice, gross negligence, or oppression" so as to hold Taylor liable to exemplary damages. Hays v. Railroad Co., 46 Tex. 272; Railway Co. v. Donahoe, 56 Tex. 162; Dillingham v. Russell, 73 Tex. 47, 11 S. W. 139, 3 L. R. A. 634, 15 Am. St. Rep. 753.

[5] The trial court evidently found that Collins was an employee of Taylor. The evidence, we think, sustains the finding. The jury's answers to the first two issues are against appellants on the issue of self-defense.

The jury, in addition to actual damages, awarded exemplary damages in the sum of $75 against each of appellants, and the court so entered judgment.

[6] Taylor insists that under the facts shown he was not liable for exemplary damages. Taylor was not present when the assault was committed. The employer is not on the same footing with the employee as to acts of oppression and wantonness of the employee, unless the employer directs the acts to be done or has made them his own, which the evidence does not show was done in this case. J. M. Radford Grocery Co. v. Jamison (Tex. Civ. App.) 260 S. W. 957, and cases there cited.

We have concluded that under the undisputed evidence, as we view it, Taylor was not liable for exemplary damages.

The judgment is here reformed so as to eliminate the exemplary damages, against Taylor.

We cannot say that the damages awarded by the jury are excessive, and overrule the point so claiming.

[7] The judgment recovered is community property of the husband and wife, and appellants would have no right to have the amount recovered apportioned between the husband and wife, and it would be wholly unnecessary to do so. Articles 6439 and 4677 of R. C. S. 1925, have no application.

The judgment of the trial court is reformed as above, and, as reformed, affirmed.

Reformed and affirmed.