## WILSON et al. v. NAND SINGH.
### No. 2585.

Court of Civil Appeals of Texas. El Paso.
Oct. 22, 1931.

Jones, Goldstein, Hardie & Grambling and Ben Howell, all of El Paso, for appellants.

Sam B. Gillett and C. L. Galloway, both of El Paso, for appellee.

HIGGINS, J.

This is a suit by the appellee against the members of the firm of E. M. Wilson & Company to recover damages, actual and exemplary, for wrongfully and maliciously evicting the plaintiff from a 22-acre farm which he was farming during the year 1930.

The defendant answered by general denial and special plea, setting up the following: On March 15, 1930, M. Shariffee executed to E. M. Wilson & Company a mortgage, covering the cotton crop to be grown during the year 1930 on the land in question, the mortgage being to secure the payment of Shariffee's note to Wilson & Company for $300, due November 15, 1930. The mortgage in question contained provisions to the effect that if the land was not properly worked, or in case Wilson & Company deemed itself insecure in the payment of said indebtedness, then Wilson & Company were authorized to enter upon the premises and take possession of the same, complete the cultivation and marketing of the crop, and out of the proceeds of the sale of the crop to pay the cost and expenses incurred in cultivating and marketing the crop, etc., and the balance apply to the payment of the note.

It was averred that plaintiff's rights in the land and crop were derived by and through Shariffee; that prior to May 1, 1930, Shariffee and plaintiff had drawn from defendants $220 to finance the crop, and plaintiff had failed to properly work the same, and defendants felt themselves insecure in the payment of such indebtedness and, under the powers conferred by the mortgage, took possession and farmed the land for the remainder of the year for the account of plaintiff. The total expenses so incurred, including the advances made to Shariffee and plaintiff for producing the cotton crop for the year 1930, were $845.79, and the market price of the crop was $747.19, leaving a balance of $98.60 owing to defendants by plaintiff, which amount was pleaded in set-off of the plaintiff's demand.

Upon special issues the jury found: Up to the time plaintiff was evicted on May 7, 1930, he had farmed the land in a skillful and husbandlike manner; the reasonable cost prior to May 7, 1930, of preparing the land for growing cotton during the year 1930 was $160; at the time defendants took possession of the premises they had no reasonable grounds to feel themselves insecure; defendants were actuated by malice in evicting plaintiff; exemplary damages should be assessed; the sum of $250 should be assessed as such damages.

Upon these findings the court rendered judgment for said sums of $160 actual damages, and $250 exemplary damages.

The evidence discloses that the wrongful eviction of the plaintiff was done by W. P. Rabb, agent for the defendants. It is well settled that a principal is not liable in exemplary damages on account of the acts of his agent unless such acts were authorized by the principal or subsequently ratified or approved with knowledge of the facts.

In the present case the evidence wholly fails to show that Wilson & Company authorized the malicious act of their agent Rabb, or that there was any subsequent ratification or approval thereof. The award of exemplary damages, for this reason, cannot be sustained. Yarbrough v. Brookins (Tex. Civ. App.) 294 S. W. 900; 2 Tex. Jur. p. 554, § 151, and cases cited.

Appellant asserts that since the evidence shows the sum of $113.20 was advanced to appellee prior to his eviction, the same should be set off against the award of actual damages.

The set-off pleaded is computed by charging appellee with the amounts advanced to him and Shariffee prior to the eviction and expenses subsequently incurred in growing and marketing the crop and then deducting the value of the crop.

The findings of the jury establish that the eviction and dispossession of the plaintiff were unauthorized and wrongful. The defendant's own pleadings show that they realized $747.19 from the crop that was raised upon the premises. In view of the wrongful eviction of the plaintiff, we do not think that he can properly be charged with any part of the expenses incurred by the defendants in cultivating, growing, and marketing the crop, subsequent to the eviction. So far as the plaintiff was concerned, these expenses were unauthorized and no part of the same can be charged against him, and since the amount received by the defendants for the crop was far in excess of the money advanced to the appellee, the money so received should be first applied to the payment of the advances made to the appellee.

There are perhaps other reasons why this matter presents no error, but same need not be noticed, as we think that the $747.19, under the circumstances reflected by the record, should be first applied to the payment of the advances made to appellee before his eviction.

The judgment is reversed and here rendered in favor of the appellee for $160.

Reversed and rendered.