## BANKERS' MORTG. CO. v. BAXTER et al.
### No. 7887.

Court of Civil Appeals of Texas. Austin.
Nov. 22, 1933.

Rehearing Denied Dec. 13, 1933.

Oltorf & Oltorf, of Marlin, for plaintiff in error.

Callaway & Callaway, of Brownwood, for defendant in error.

BAUGH, Justice.

Mrs. Lola L. Baxter, joined by her husband, sued the Bankers' Mortgage Company to recover the amount she had paid on the purchase of what was termed a guaranteed first mortgage savings bond, and for exemplary damages, on the ground that such purchase had been induced by fraud. The case was tried to a jury, and upon their answers to special issues, judgment was rendered in her favor for the amount she had paid with interest, from which the company has prosecuted this writ of error.

Though numerous assignments are copied in the brief on which five propositions are predicated, but one contention is urged: That because all the evidence clearly showed that the plaintiff below was not entitled to recover anything, the trial court erred in not instructing a verdict for the defendant.

The bond in question was for $20,000 face value, to be paid out in 162 monthly payments of $75 each, but contained provisions with reference to death or total disability of the purchaser, quarterly, semiannual, or annual payments in lieu of monthly payments, loan value table, interest rates, default provisions, etc., which we deem it unnecessary to set out here. The fraud of the agents alleged as inducing the contract was in substance that such agents represented to her that she could withdraw the amount paid on said bond at any time upon her request; that the bond would be dated back 18 months prior to her application to purchase it, and that she would draw 7 per cent. interest, compounded annually, during that time on the amount paid; that Mrs. Baxter believed such representations, and purchased the bond based thereon.

The evidence showed that A. D. and L. M. Neilson took Mrs. Baxter's application on October 29, 1929; that she paid them $1,010 in cash and assigned and delivered to

them an International Thrift Cert. bond, dated May 10, 1928, held by her in another company on which she had paid $340, and which was accepted by them in lieu of that much cash; and that plaintiff in error issued to Mrs. Baxter its bond on December 4, 1929, but dated it back to May 10, 1928. That she received same, placed it in her locked box, and did not know until some six months later, when she undertook to cash same, that her payment was not drawing interest and that she could not withdraw the amount she had paid on said bond.

We do not deem it necessary to set out the pleadings here. No question is raised as to their sufficiency and they respectively presented the issues submitted to the jury. These issues and the jury findings thereon were:

1. That the Neilsons represented to Mrs. Baxter, at the time they took her application to purchase said bond, that she might withdraw, under the terms of said bond, all money paid in by her at any time upon her request.

2. That all money paid by her would draw interest at the rate of 7 per cent., compounded annually.

3. That said bond would be dated back 18 months, and the money she paid them would draw interest for said 18 months.

4. That Mrs. Baxter accepted and believed said representations and would not have bought said bond otherwise.

5. That the intrinsic value of the thrift bond she delivered to the Neilsons was at that time $340.

And further found in response to issues requested by plaintiff in error based upon their defensive pleadings:

1. That Mrs. Baxter was not negligent in failing to read in full the application which she signed;

2. Nor in failing to read the sample bond presented to her by said agents when she signed said application;

3. Nor in failing to read the bond itself after she received same.

Clearly all these were fact issues. Mrs. Baxter testified fully with reference to all of them. Neither of the Neilsons testified, nor were their depositions taken. The president of the plaintiff in error testified by deposition as to the authority of said agents and that same was limited by the provisions in the application, a copy of which was left with Mrs. Baxter; and by the terms of the bond itself. These provisions were that no agent was authorized to vary any of the terms of such bond, and would ordinarily put a purchaser upon notice of the limitation of the agent's authority; but where an agent is clothed with real or apparent authority to act, such provisions are not conclusive against fraudulent representations of the agent inducing the making of the contract. J. B. Colt Co. v. Wheeler (Tex. Civ. App.) 12 S.W.(2d) 1102; 2 Tex. Jur. 434.

Nothing would be added to the jurisprudence of the state by setting out or summarizing the evidence here. There was ample evidence to go to the jury on the issues raised and their findings thereon are binding on appeal. Plaintiff in error urges but the single proposition and cites no cases. The law is well settled on the issues of fraud made and needs no elucidation here.

By cross-assignment defendant in error complains of the exclusion of proffered evidence in support of, and the failure of the trial court to submit to the jury, the issue of exemplary damages.

The evidence excluded, as shown by bills of exception, was, first, a letter to plaintiff in error from an assistant cashier of a Brownwood bank, on behalf of Mrs. Baxter, asking about the status of said bond, and how Mrs. Baxter should proceed to withdraw the money she had paid on same. At most this letter, on the issue of fraud of said agents being communicated to the company, contained only statements purporting to have been made by Mrs. Baxter to the writer which were clearly inadmissible as self-serving so far as she was concerned, and hearsay so far as the writer was concerned, and was, therefore, properly excluded.

The next letter excluded was one from a general agent of the plaintiff in error, dated October 19, 1929, to its treasurer, concerning payment for certain literature, the character of which is not disclosed. This letter also referred to the sale of bonds to several applicants in different states, without disclosing the nature, character, or terms of such bonds, or whether they were in any manner similar to the bond involved in the instant case. We find nothing in this letter which has any bearing on the issue of fraud as raised in the instant case and as to the particular bond here involved, and think that the trial court properly excluded said letter.

The basis for the next cross-assignment of defendant in error is the exclusion of proffered testimony of one of Mrs. Baxter's attorneys as to statements made to him by J. F. Kell, president and manager of plaintiff in error at Brownwood in December, 1931. These statements by Kell, according to said proffered testimony, were to the effect that only about one out of a hundred of such bondholders ever paid more than one payment; that they then became dissatisfied and wanted their money back; that the company had a large number of suits pending against it; and that to pay Mrs. Baxter her money back would set a bad precedent.

We do not think this was any evidence that the plaintiff in error authorized or knew of the fraudulent misrepresentations of its agents to Mrs. Baxter that the bond contained something it did not contain. Both the application made by Mrs. Baxter, a copy of which she held for more than a month, before her bond was delivered, and the bond itself, expressly provided that no agent was authorized to make any statement or representation at variance with the terms of same, and that if such statements were made by such agent they would not be binding upon the company. The mere fact that numerous purchasers became dissatisfied with their purchases after same had been made, did not, we think, constitute any evidence of fraud by a particular agent in a particular transaction, or that the company authorized such misrepresentation, or that it was advised of any such misrepresentation or acquiesced therein. The bond itself, though it contains onerous provisions as to forfeiture, and is not clear in some respects as to its terms and meaning, is upon its face a legal and binding obligation.

■ The next statement of Kell which defendant in error's attorney sought to prove by his own testimony, and which was excluded, related to methods which Kell said some of the company's agents used in effecting sales of such bonds, and that some agents specialized in selling certain classes of purchasers, such as trained nurses, beauty parlor operators, widows, etc. These concerned avenues of approach, and methods of contact, used by such agents in soliciting prospective purchasers, such as appeals to vanity, sex appeal, love making, etc. However, reprehensible or ill advised such personal methods of an agent might be, there appears no evidence that the company in its instructions to its agents authorized or countenanced any such. Nor are such sales methods used by agents in their personal contacts with prospective purchasers, even when made known to the company, any evidence that the company knew of, authorized, or encouraged such agents to make misrepresentations as to the provisions and contents of the bond itself.

■■ It is now well settled that for there to be liability of the principal for exemplary damages for the fraudulent act of the agent, either the act must have been previously authorized by the principal, or subsequently ratified or approved by the principal with full knowledge of the facts. Gulf, C. & S. F. Ry. Co., v. Moore, 69 Tex. 157, 6 S. W. 631; Yarbrough v. Brookins (Tex. Civ. App.) 294 S. W. 900; 2 Tex. Jur. 554, and cases cited. We find no competent evidence in the record that the plaintiff in error authorized in advance the fraudulent acts charged to the Neilsons, or that it subsequently ratified their acts. It was incumbent upon defend-

ant in error to prove one or the other before such recovery was authorized. In the absence of such competent evidence the trial court properly refused to submit this issue to the jury.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.