A. B. LEWIS COMPANY, Appellant,

v.

Ralph ROBINSON, Appellee.

No. 13605.

Court of Civil Appeals of Texas.

Houston.

Sept. 22, 1960.

Rehearing Denied Oct. 13, 1960.

See also 313 S.W.2d 920.

John H. Holloway, Houston, for appellant.

John E. Dorris, Victoria, for appellee.

WERLEIN, Justice.

This suit was brought by appellee, Ralph Robinson, against appellant to recover actual and exemplary damages resulting from the conversion of appellee's 1955 Ford automobile and certain personal property therein by trespass upon appellee's premises and the breaking and entering of his garage. It was alleged that the automobile at the time of the conversion on February 22, 1957 had a reasonable market value of $1,700 and contained a $20 coupon book.

The evidence shows that appellee purchased the car in question from Davis Motor Company under a conditional sales contract which was assigned to appellant. It provided for monthly payments of $86.-40. At the time appellant declared the contract in default and undertook to repossess the car, the February 4, 1957 installment was past due and in default unless it was legally extended on February 2, 1957 by A. B. Lewis acting for appellant, as contended by appellee and found by the jury. The jury also found that appellant, through its agents, repossessed the car by breaking and entering appellee's garage and did not repossess the same under the sales agreement and did not declare the entire principal due prior to repossessing the same; that the market value of the car on February 22 was $1,700 and the actual value of the coupon book was $20. There was no finding as to the amount unpaid on the contract at such time. The jury further found that appellant had acted with malice in repossessing the car and that appellee was entitled to $3,200 exemplary damages.

The court required a remittitur of $700 of the amount awarded as exemplary damages and then entered judgment in favor of appellee for $4,220, less the amount of $1,623.60 which was established as the amount due and owing on the sales contract. Deducting from the amount awarded the sum of $2,500 exemplary damages leaves a balance of $96.40 actual damages, including $20 awarded for the coupon book.

Appellant by appropriate Points complains of the award of $3,200 exemplary damages, reduced by remittitur to $2,500, since the undisputed evidence shows at most actual damages of only $96.40. Appellant further contends that the court

erred in submitting the Issue on exemplary damages because appellant acted in the belief that it was exercising its rights under the contract which gave appellant the right to repossess the car in the event of default in the payments. Numerous other points advanced by appellant, more or less interrelated and based upon the same facts, will, in the interest of brevity, be discussed without specific reference thereto by number.

Appellee contends that the time for paying the February 4 installment was, on February 2, 1957, orally extended to February 25, 1957. Appellant pleaded there was no consideration for any extension of the February 4 installment. The record fails to disclose any pleading or evidence that there was any consideration therefor. Indeed, appellee's undisputed testimony shows there was no consideration. The jury's finding to Special Issue No. 8, that there was consideration, is not supported by any evidence. Since there was no valid extension, appellant had the right under the conditional sales contract to declare the whole amount unpaid immediately due and payable and enter upon appellee's premises and peaceably remove the car unless it was estopped or waived its right to do so, as contended by appellee. Crispi v. Emmott, Tex.Civ.App.1960, 337 S.W.2d 314, and authorities cited.

■ The court submitted Special Issues Nos. 4 and 5 inquiring whether appellant agreed to extend the February 4 payment to February 25 and whether appellee relied thereupon. The jury found both Issues in the affirmative. Appellee did not plead that the time for paying the February 4 installment was extended to February 25, 1957 or that he relied upon any agreement or promise of appellant to extend the same. If it can be said that such Issues were tried by consent without pleading and that evidence of the alleged oral extension of such installment was admitted without objection, nevertheless there is no evidence of the necessary basic elements of an estoppel which would give rise thereto. At no time did appellee testify that but for

reliance upon such extension agreement, he could and would have timely paid the February 4 installment. The evidence shows that appellee never at any time tendered or offered to pay such installment. Appellant, therefore, had the legal right to mature the entire unpaid amount owing on the sales contract as provided therein and to repossess the car on February 22, 1957. If we are mistaken in the foregoing conclusion, appellee could recover only actual damages resulting from the conversion. He was awarded such damages. Appellee did not sue for exemplary damages on account of appellant maturing the indebtedness. Moreover, there is no pleading, evidence or finding that in maturing the same appellant was acting maliciously or otherwise than in the utmost good faith and in the honest belief it had the legal right to repossess the car.

■■ The jury's finding to Special Issue No. 1, that on February 22, 1957 appellee was entitled to possession of the car, is not a finding of fact but of law, and should be disregarded. The same is true of the finding to Special Issue No. 12, that appellant did not repossess the automobile under the terms of the conditional sales agreement. The finding to Special Issue No. 14, that appellant did not, prior to repossessing the car, declare the entire principal amount due and payable under the contract, is without support in the evidence and is contrary to the undisputed evidence.

■ The evidence shows that appellant's agents, employed to repossess the car, did so by breaking and entering appellee's garage, as found by the jury. It is undisputed, however, that A. B. Lewis, appellant's president and the only officer of the corporation who was in any way involved, did not authorize the unlawful act of such agents and had no knowledge thereof until after the company under the provisions of the conditional sales agreement had sold it to a third party on June 24, 1957. It is our opinion, therefore, that ap-

pellant is not liable for any exemplary damages because of the unlawful manner in which the car was taken since there is no evidence or finding of any prior authorization or subsequent ratification or approval by any officer of appellant corporation with knowledge of the unlawful acts committed in the repossession of the automobile. J. M. Radford Grocery Co. v. Jamison, Tex.Civ.App.1926, 282 S.W. 278; Wilson v. Nand Singh, Tex.Civ.App.1931, 42 S.W.2d 803; Bankers' Mortg. Co. v. Baxter, Tex.Civ.App.1933, 66 S.W.2d 408; 25 C.J.S. Damages § 125-d, p. 732; Restatement of the Law, Torts, Sec. 909.

■ The jury found that at the time the car was repossessed, there was in it a coupon book belonging to appellee and that its actual value was $20. The evidence shows that the book cost $20 and that with it $20 worth of groceries could be bought from Wood's Food Market in Edna, Texas. Although the coupon book was restricted to one store, it was worth $20 to appellee. Therefore, it was not improper to inquire as to its actual value under the definition given by the court, rather than its market value. Pittman v. Fort Worth Warehouse & Storage Co., Tex.Civ.App.1924, 258 S.W. 1105; City of Trinity v. McPhail, Tex.Civ. App.1939, 131 S.W.2d 803. Appellee was not cross-examined concerning the books' value and there was no evidence that it was not worth $20. Construing the evidence most favorably in support of the verdict, we do not agree with appellant's contention that there was no evidence which warranted submission of the Issue.

■ Appellee has predicated his case upon the recovery of damages for conversion of the automobile and the coupon book hereinabove mentioned. The mere taking of the car, if done in a lawful and peaceable manner, would not constitute a conversion, since appellant was given in the conditional sales contract the right to repossess the car and to go upon appellee's premises to do so. Frankfurt v. Grayson, Tex.Civ.App., 80 S.W.2d 486. The evidence shows, however, and the jury found, that the car was not peaceably repossessed. The peaceable possession permitted by a mortgage or conditional sales contract will not excuse a tortious repossession involving force, threats or fear. 14 Tex.Jur.2d Conversion, Sec. 17, p. 20; Pryor v. Universal C.I.T. Credit Corp., Tex.Civ.App.1952, 253 S.W.2d 493. Appellee, therefore, was entitled to recover damages. The jury found that the reasonable market value of the car was $1,700. Against this amount the Trial Court offset the sum unpaid and owing on the car under the sales contract amounting to $1,623.60. Appellee's recovery was, therefore, $76.40 damages for conversion of the car.

■ Appellant contends that there is no evidence and insufficient evidence of the value of the car at the time of its conversion. We have carefully examined all the evidence, both that favorable to the verdict and that militating against it, and do not agree. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Tudor v. Tudor, Tex. Sup., 314 S.W.2d 793. We think the jury was warranted in finding the reasonable cash market value of the car at the time and place of its removal to be $1,700, as testified by witness Melton. Mr. Melton was in the automobile business selling both new and secondhand automobiles and well qualified to testify as to values. It is true that he had not seen the car. However, he based his opinion upon a hypothetical question which we think substantially and fairly incorporated the testimony concerning the condition of the car and the use that had been made of it. Anderson v. Reichart, Tex.Civ.App.1938, 116 S.W.2d 772, writ dism.

■ We overrule appellant's contention that the court should have offset against the value of the car not only the amount unpaid and owing on the sales contract but also interest thereon and attorney's fees. Appellant did not file a cross-action to recover on the contract nor did it ask in its pleadings that any amount be offset against

appellee's claim. The court allowed the offset of $1,623.60, evidently because the undisputed evidence without objection showed such amount was the unpaid balance owing on the contract at the time the car was repossessed and also the amount Mr. Lewis testified he declared due under the conditional sales agreement.

In view of our holding with respect to exemplary damages, it is not necessary to discuss appellant's other Points.

We have concluded that the judgment of the Trial Court should be reformed so as to eliminate therefrom any recovery for exemplary damages, thereby reducing the amount of the judgment to $96.40, and, as reformed, the judgment should be affirmed.

Reformed and affirmed.

### On Motion for Rehearing

Appellee contends there is some evidence that appellant at the time of the sale on June 24, 1957 had knowledge from the pleadings in the case of the manner in which the car had been repossessed and hence ratified the acts of its agents. We do not agree. Although appellee's petition was filed on May 24, 1957, there is nothing in the record before us to show when appellant was served with citation or a copy of such petition, or when appellant filed its original answer. The amended answer was not filed until April 3, 1959. Moreover, appellee testified that he had received a letter from appellant stating that it had possession of the car and trying to get him "to come down and get it." Having ignored such request, appellee is not in a position to claim exemplary damages because the car was later sold or to assert that such sale constituted a ratification of the manner in which the car had been repossessed by appellant's agents.

The motion for rehearing is overruled.