

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 8 , 1970

Honorable Wilson E. Speir
Director, Department of
Public Safety
5805 North Lamar Blvd.
P. O. Box 4087
Austin, Texas

Opinion No. M-682

Re: May non-profit, charitable
organizations operate a
commercial driver-training
school without being li-
censed as required by Ar-
ticle 4413 (29c) Vernon's
Civil Statutes?

Dear Colonel Speir:

Your request for an opinion states that several non-
profit, charitable organizations operate driver-training pro-
grams. The question presented is whether such programs must
be licensed as "commercial driver-training schools" under
the provisions of Article 4413 (29c), Vernon's Civil Statutes.

Article 4413(29c), §2, provides:

"Sec. 2. No person, firm association, partner-
ship, or corporation shall operate a commercial
driver-training school after January 1, 1968,
unless a license as a commercial driver-training
school has been secured from the Texas Department
of Public Safety, provided that training or classes
conducted by colleges, universities, high schools,
and junior high schools for regularly enrolled
students as a part of the normal program for such
institutions shall be exempt." /Emphasis Supplied./

Your letter states that the non-profit, charitable
organizations have no connection with colleges, universities,
high schools or junior high schools which alone are exempted

from the Act.  Thus, we conclude that the programs in question are not exempt.  While the non-profit, charitable organizations are no doubt performing a valuable service which should be encouraged, exceptions to this type of statute are strictly construed.  53 Tex. Jur. 2d 308, Statutes, §201.  Moreover, in construing a statute, it is not permissible to engraft an exception by implication merely because there seems to be a good reason for doing so.  Wallace vs. Stevens, Tex., 1889, 12 SW 283; Bradley vs. Gilliam, Tex.Civ.App., 1924, 260 SW 289.

A remaining question is whether the non-profit, charitable organizations are operating a "commercial driver-training school" within the meaning of the statute.  Article 4413(29c), §1(a), defines a commercial driver-training school as follows:

> (a)  "Commercial driver-training school" or "school" means any enterprise conducted by an individual, association, partnership, or corporation, for the education and training of persons, either practically or theoretically, or both, to operate or drive motor vehicles and charging a consideration or tuition for such services."  /Emphasis Supplied./

Since your letter expressly states that a "nominal charge" is made for the programs operated by the charitable organizations, we must conclude that the organizations do charge a "consideration" or "tuition" for such services.  Accordingly, the driver-training programs in question fit within the statutory definition of a commercial driver-training school.

The mere fact that an organization is charitable or non-profit does not ipso facto remove it from the field of commerce.  "Commerce" is uniformly defined as "business intercourse, the exchange, buying or selling of commodities or services."1/  Commerce is not restricted to activities having financial profit as their aim.

Closely analogous questions have arisen in cases

--------

1/  cf. 7a Words and Phrases 454, "Commerce"; cf. also Black's Law Dictionary, 4th ed.

under the "commerce" clause of the United States Constitution. In State of Maryland vs. Wirtz, 269 F.Supp. 826, D.Md., 1967, the court declared that "commerce" is not confined to business activity in a conventional sense, but includes non-business and non-profit activities, whether private or governmental in nature and irrespective of whether they compete with or may be substituted for by private enterprise.2/

We therefore conclude that the driver-training programs described in your request fit within the statutory definition of a "commercial driver-training school". Since the operators of such programs charge a consideration for their services and are not connected with a college, university, high school, or junior high school, we must conclude that such organizations are subject to the licensing provisions of Article 4413(29c).

## S U M M A R Y

Under the facts submitted, driver-training programs conducted by non-profit, charitable organizations are subject to the licensing provisions for "commercial driver-training schools" in accordance with Article 4413(29c), V.C.S.

Very truly yours,

Crawford C. Martin
Attorney General of Texas

---

2/  The State of Texas intervened along with 24 other states as parties plaintiff arguing inter alia that non-profit activities should not be deemed "commerce".

Prepared by Earl S. Hines
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Robert Giddings
Robert C. Flowers
Steve Hollahan
Ivan Williams

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant